(9 App. Div. 596.)

UNION SQUARE BANK OF CITY OF NEW YORK v. REICHMANN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

DEPOSITIONS—LETTERS ROGATORY—ANSWERS IN FOREIGN LANGUAGE.
    A deposition taken under letters rogatory in a foreign country, on interrogatories settled in English, may be taken and returned in the language of the country where taken, without 'an order to that effect.

Appeal from special term, New York county.

Action by the Union Square Bank of the City of New York against Theodore Reichmann, impleaded with Charles Rieck and James Harvey Bostwick, on a promissory note. From a judgment on a verdict for plaintiff, defendant Reichmann appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William H. Maginnis, for appellant.
A. L. Fromme, for respondent.

WILLIAMS, J.    The action was brought upon a promissory note made by the firm of Bostwick, Reick & Co.    The issue of fact tried was whether the appellant was a member of that firm.    Upon the trial, counsel for the appellant offered in evidence his (appellant's) deposition taken in Austria, under letters rogatory issued and sent to an Austrian court or judge thereof.    The deposition was objected to, on the ground that the interrogatories were put and answered in German, while the interrogatories as settled were in English only.    The court sustained the objection, stating, as grounds for the ruling, that it appeared the interrogatories were settled in the English language only, and that there was no order of the court directing or permitting the translation thereof into any other language, and that they were translated, and that the answers were taken down in German only, it being admitted the appellant was familiar with the English language.    Neither the questions nor the answers contained in the deposition are before the court, and we do not know whether the evidence was material or necessary for the appellant, upon the trial of the issue of fact submitted to the jury; but we must assume the evidence was important, and that its exclusion, if erroneous, so injuriously affected the appellant, as to require a reversal of the judgment, and the direction of a new trial.    No suggestion was made at the time of the trial that the evidence in the deposition was immaterial.    No objection of that kind was made or ruled upon, and no claim was made upon the argument in this court that there was the absence of anything in the record to show the evidence was important, or that the appellant was prejudiced by the ex-

clusion of the deposition. It does appear that the interrogatories annexed to the letters rogatory were settled in English, and there was no provision anywhere as to their being executed or returned in any other language than English. It also appears that the interrogatories were translated into German. It does not appear in what language the interrogatories were propounded to the appellant, or in what language he made the answers, but the answers were written down and returned to this court in German only.

The respondent contends that section 22 of the Code of Civil Procedure requires all records or other proceedings in court, except where otherwise especially prescribed by law, to be in English, and that the answers returned to these interrogatories, being in German only, were not admissible in evidence, under this provision. It is also argued that it was improper and irregular to execute these letters rogatory by taking down and returning the answers in German only, inasmuch as the interrogatories were settled in English only, and not in German, under the provision of section 912 of the Code of Civil Procedure. It may well be doubted whether the provisions of section 22 of the Code have any application to the letters rogatory; but even if they have, and even if the execution of the letters, by taking and returning the answers of appellant in German only, was improper and irregular, still the remedy of the respondent was by motion to suppress the deposition, under the provisions of section 910 of the Code of Civil Procedure, and it was too late to raise the question at the trial. Those provisions are that, when it appears by affidavit that a deposition has been improperly or irregularly taken and returned, an order for the suppression of the deposition may be made by the court upon the application of the party aggrieved, upon notice to the adverse party. Under these provisions, it has frequently been held that when there has been an opportunity to correct an improper execution of a commission, either by ordering a re-execution thereof, or quashing the return, no objections because of such irregular or improper execution will be heard on the trial.

In Wright v. Cabot, 89 N. Y. 570–577, one of plaintiffs, examined under commission, on cross-examination was requested to annex copies of letters constituting a correspondence to the commission. The witness annexed extracts from the letters, and not the whole of the same. On the trial, the plaintiff read these extracts in evidence, under an objection and exception by the defendants. It was held that the defendants were undoubtedly entitled to have the whole of the letters, and not extracts; but, if they so desired, their remedy was by motion, in advance of the trial, to have the error in the execution of the commission corrected, either by annexing the full letters, or striking out the extracts, or suppressing the deposition; and, not having resorted to that remedy, they must be held to have assented to the mode in which the commission was executed and returned; that this rule was reasonable and just. See, also, in Sturm v. Insurance Co., 63 N. Y. 77–87; Sheldon v. Wood, 2 Bosw. 267, affirmed 24 N. Y. 607. This principle is ap-

plicable to the questions raised with reference to the improper execution of these letters rogatory, and the return of this deposition. If it was improper or irregular to translate the interrogatories into German, and to take the answers thereto, and return them to this court in German only, these were defects and irregularities which the respondent was well aware of before the trial; and if he was not satisfied with such execution of the letters rogatory, and return of the deposition, it was his privilege to bring the matter to the attention of the court, under section 910 of the Code of Civil Procedure, by an application to suppress the deposition. Not having availed himself of this remedy, he must be held to have assented to the manner in which the deposition was taken and returned. Such a rule is just and reasonable, is supported by authority, and should have been adhered to in this case. The objection to the deposition for this reason was improperly sustained, and the deposition excluded. We cannot, however, assent to the proposition that there was any improper or irregular execution of the letters rogatory, or taking or return of the deposition.

It will be observed that section 913 of the Code makes no provision as to the manner in which the letters rogatory shall be executed or the deposition taken. The provision is only as to the manner in which the interrogatories shall be settled, and the deposition taken thereunder returned; that is, as prescribed with respect to commissions. The interrogatories were settled, and, so far as appears, the deposition was returned as prescribed by law, except as to the language in which the answers were written. The language used in putting the questions, in giving the answers, and in writing them down in the deposition, were matters relating to the execution of the letters rogatory, rather than to the return of the deposition. The Code makes absolutely no provision as to the manner in which the letters rogatory shall be executed; and this omission can hardly be regarded as an oversight when we consider the nature of such letters rogatory, as they have been defined by the authorities and in the text-books of law. The letters rogatory issued in this case indicate the true rule as to the execution thereof. They are directed to "any judge or other tribunal having jurisdiction of civil causes, at Vienna, Empire of Austria"; and they expressly state:

"We therefore request you that, in furtherance of justice, you will, by the proper and usual process of your court, cause such witness * * * to appear before you, or some competent person by you for that purpose to be appointed and authorized, at a precise time by you to be fixed, and there to answer on his oath or affirmation to the several interrogatories and cross-interrogatories hereto annexed, and that you will cause his deposition to be committed to writing, and returned to us; * * * and we shall be ready and willing to do the same for you in a similar case when required," etc.

No attempt was made to prescribe the manner in which the letters rogatory were to be executed. The Code does provide as to a commission, and the commission is required to direct the specific manner in which it shall be executed, while there is no such provision or direction as to letters rogatory. The Code itself gives us no information as to the nature of letters rogatory, and we must therefore assume the legislature inserted this provision in the Code having in

mind the nature of letters rogatory, as ordinarily understood in legal literature.

Weeks, in his Law of Deposition (section 128), says:

"Letters rogatory are derived from the civil law, and the practice under them is regulated by the .civil law. They are largely made use of in courts of admiralty. They are issued by the court of one country to the court or judge of another country. There is a broad distinction between the execution of a commission and the procurement of testimony by the instrumentality of letters rogatory. In the former case the rules of procedure are established by the court issuing the commission, and are entirely under its control. In the latter, methods of procedure must, from the nature of the case, be altogether under the control of the foreign tribunal, which is appealed to for assistance in the administration of justice. We cannot execute our own laws in a foreign country, nor can we prescribe conditions for the performance of a request which is based entirely upon the comity of nations, and which, if granted, is altogether ex gratia. We cannot dictate the methods to be pursued by a court whose assistance we invoke. The rules and practice of the foreign court must be the law of procedure in such cases. Letters rogatory were unknown to the common law. They came to us from the civil law, through the admiralty courts; and the civilians seem to agree that, in all that concerns the form of procedure in such cases, the judge ought. to observe the laws of his own country."

See, also, 13 Am. & Eng. Enc. Law, 266; 1 Greenl. Ev. § 320; Bouv. Law Dict.; Nelson v. U. S., 1 Pet. C. C. 237, Fed. Cas. No. 10,116;. Kuhtman v. Brown, 4 Rich. Law, 479. In Kuhtman v. Brown, above, the commission was sent to Bremen. The interrogatories were in English. The answers were returned in German, annexed to a German translation of the interrogatories and cross-interrogatories. Objection was made that the answers should have been returned in English, or accompanied by an English translation thereof, but the court held that the deposition was admissible in evidence.

We must assume that this deposition was taken according to the practice in Austria, the answers being written in German. Such an execution of the letters rogatory cannot be said to have been improper or irregular if it was in accordance with the usual and customary practice in the Austrian courts. There is no requirement in the Code that the answer shall be returned in English, or accompanied by an English translation thereof. Suppose the court having the execution of the letters rogatory in charge did not understand English, and could not write in the English language; could it be said that it had no power to take the deposition? Clearly not. The deposition might properly be taken and returned in the language it did use and understand. And we must assume, in the absence of any proof to the contrary, that the language of the court and its proceedings was German.

The deposition was, in either view we have suggested, erroneously excluded, and such error calls for a reversal of the judgment, and the granting of a new trial, with costs to the appellant to abide event. All concur.