## RUCKERT v. BURSLEY.

(Supreme Court, Appellate Division,. First Department. May 11, 1900.)

DEPOSITION—RE-EXECUTION—DENIAL.

> Where defendant moved for the re-execution of a commission to take plaintiff's testimony in a foreign country, on the ground that plaintiff had failed to answer certain cross interrogatories, it was error to deny the motion, and order that all questions as to the sufficiency, responsiveness, and relevancy of plaintiff's answers on cross-examination should be reserved for disposition at the trial, since plaintiff was entitled to know before trial whether he was to have the benefit of the commission.

Appeal from special term, New York county.

Action by Max Ruckert against Ira L. Bursley. From an order denying a motion for re-execution of a commission to take plaintiff's deposition, and directing that all defects therein should be reserved for the trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Marshall B. Clarke, for appellant.

Samuel R. Taylor, for respondent.

PER CURIAM. The notice of motion in this case asked for a re-execution of a commission directed to a party in Gros Schonan, in Saxony, for the reason that he had failed to answer certain cross interrogatories. The affidavit upon which the motion was based specified such fact, and certain questions and answers which form a part of the deposition were set out, and form a part of this record. No affidavits were read in opposition. The court denied the motion, and made an order that all questions as to the sufficiency, responsiveness, or relevancy of the plaintiff's answers on cross-examination under said commission "be, and are hereby, reserved to be disposed of on the trial of the issues in this action." It is therefore apparent that the defendant did not obtain the relief for which he moved, and the plaintiff is presently unable to tell whether he has a commission or not. The motion to re-execute is properly made before trial, and questions relating thereto are not permitted to be raised at the trial. Code Civ. Proc. § 910; Bank v. Reichmann, 9 App. Div. 596, 41 N. Y. Supp. 602.

By the reservations made in the order, it is impossible to say whether the court will suppress the commission, or whether it will strike out the part of which complaint is made, or whether it will permit the deposition to stand, and to be read as it stands. The plaintiff is entitled to know before the trial whether he is to have the benefit of his commission or not, and, as this order leaves this matter in an uncertain state upon this point, it should be reversed, with $10 costs and disbursements.