explanation is that he took about a year to think it over. During this year he kept on paying the interest.

We think it clear, under these facts, that the defendant has reaffirmed his contract of mortgage. The duty rests upon one who claims to have been defrauded to rescind the contract, and such rescission must be exercised immediately upon discovery of the fraud. Delay in this has been repeatedly declared to effect an affirmance of the contract. Hallahan v. Webber, 7 App. Div. 122, 40 N. Y. Supp. 103. In that case Presiding Justice Van Brunt, writing for the court, said:

"In the cases of Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651; Cobb v. Hatfield, 46 N. Y. 533; Hammond v. Pennock, 61 N. Y. 145; Schiffer v. Dietz, 83 N. Y. 300; Strong v. Strong, 102 N. Y. 69, 5 N. E. 799, and many other cases which might be cited, it is stated that it is a settled rule that the right to rescind a contract for fraud must be exercised immediately upon its discovery, and that any delay in doing so will be deemed an election to affirm the contract."

Reineldt, under the rule announced in these cases, should not be permitted, after he discovered the fraud, to take a year or more to think it over, all the while paying interest, and now seek to defeat foreclosure by the plaintiff, who, so far as appears, is a bona fide purchaser of the mortgage. The judgment should therefore be reversed, and a new trial granted.

Judgment reversed and new trial granted; costs to abide the event. All concur.

---

(97 App. Div. 150.)

LARSEN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. COSTS—SUITS IN FORMA PAUPERIS—INFANTS—GUARDIAN AD LITEM.

Code Civ. Proc. § 458, provides that a poor person, whether an adult or infant, not being of ability to sue, may prosecute as a poor person, and have an attorney assigned to conduct his action. Section 459, subd. 2, requires that the petition must be verified by the applicant's affidavit, unless he is an infant under the age of 14 years, and in that event by the affidavit of his guardian, etc. *Held*, that where the father of an infant plaintiff in an action for injuries was appointed her guardian ad litem, and the infant was under 14 years of age, and had no property, it was no objection to her right to prosecute the suit in forma pauperis that her guardian was worth more than $100, and was of sufficient responsibility to answer to plaintiff for his misconduct in prosecuting the action.

Appeal from Special Term, Kings County.

Action by Annie Larsen, an infant, by her guardian ad litem, against the Interurban Street Railway Company. From an order permitting plaintiff to sue as a poor person, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bayard H. Ames, for appellant.
Wm. J. McArthur, for respondent.

¶ 1. See Costs, vol. 13, Cent. Dig. § 500.

HOOKER, J. This is an appeal by the defendant from an order of the Special Term vacating an order requiring the plaintiff to file security for the costs of this action, and permitting the plaintiff to prosecute the action as a poor person, and assigning her an attorney and counsel for that purpose. The order provides that the attorney therein assigned shall prosecute the action without compensation for his services. No affidavits were submitted in opposition to the plaintiff's motion for leave to prosecute as a poor person, and none of the allegations of her petition are contradicted.

Section 458 of the Code of Civil Procedure provides:

"A poor person, whether an adult or infant, not being of ability to sue, who alleges that he has a cause of action against another person, may apply by petition to the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute as a poor person, and to have an attorney and counsel assigned to conduct his action."

Section 459 makes provision in relation to what the contents of the petition shall contain. It is by that section required that the nature of the action shall be shown. This requirement is complied with in the petition. The motion for leave to sue as a poor person was based upon the summons and complaint, the application for an order appointing the guardian ad litem, and the petition for leave. All these papers were printed in the record, and it is very clear that, if the facts alleged be true, the plaintiff has a meritorious cause of action. The nature of the action brought is, in any event, however, clearly shown from the petition. Subdivision 2 of the section requires that the petition must show that the applicant is not worth $100 besides the wearing apparel and furniture necessary for himself and family, and the subject-matter of the action. This, also, is established by the petition, and is not denied. The section also requires that the petition must be verified by the applicant's affidavit, unless the applicant is an infant under the age of 14 years, and in that event by the affidavit of his guardian appointed in said action, supported by a certificate of a counselor at law to the effect that he has examined the case, and is of the opinion that the applicant has a good cause of action. In this case the plaintiff is an infant under the age of 14 years, and the petition is verified by the affidavit of her guardian. Annexed to the petition is an affidavit of a counselor at law to the effect that he has examined the case, and is of the opinion that the applicant has a good cause of action. The order appealed from vacates the requirement that the plaintiff file security, and orders that the plaintiff be permitted to prosecute as a poor person, and directs that one Rendich be assigned to the plaintiff as attorney, and that he shall prosecute the action without compensation. No more strict or complete compliance with the provisions of the Code of Civil Procedure in relation to obtaining leave to prosecute as a poor person could well be adopted than appears from the record in this case.

The principal objection to the order on the part of the appellant is that inasmuch as the guardian ad litem is the father of the plaintiff, and showed himself, upon his application to be appointed guardian ad litem, to be worth more than $100, and to be of sufficient financial responsibility to answer to the plaintiff for his misconduct in prose-

cuting the action, it cannot be properly said that the infant herself is an infant pauper, or is within the contemplation of the sections from which we have quoted. The following language of Mr. Justice Barrett, included in the opinion of the court delivered in Feier v. Third Avenue R. R. Co., 9 App. Div. 607, 609, 41 N. Y. Supp. 821, states the true rule in this respect:

"Now, as an infant, whether under or over fourteen years of age, cannot apply until a guardian ad litem is appointed (Matter of Byrne, 1 Edw. Ch. 41; Glasberg v. Dry Dock E. B. & B. R. R. Co., 12 Civ. Proc. R. 50, per Patterson, J.), and as such guardian ad litem must, under the general rules of practice, be a competent and responsible person, the statute is practically abrogated if the competency and responsibility of the guardian constitute a complete answer to the application. The infant here says, without a word of denial, that she has no means whatever; that she has a good cause of action against the defendant; and that she is a hired domestic in her guardian's service. What was the court's answer? It was this: 'Though you are an infant pauper, you shall not have the benefit of the statute, because you have a responsible guardian. This responsible guardian you had to secure before you commenced your action. Having secured him, you are no longer within the statute, or, rather, it is no abuse of discretion to deny your petition.' This reasoning seems to be practically to nullify the amendment, and to leave infant paupers in quite as unfortunate a position as they were in before the Legislature sought to help them."

Correct reasoning allows no distinction between cases where the guardian ad litem is the father, and those where some other person has been appointed to act. The outcome of the lawsuit, if it results in the collection of any money from the defendant, will not become the property of the father, but will be solely that of the infant; nor is the means of the father that of the infant. It is natural that a father of means will perhaps resent the statement that his infant children are paupers unless possessed of an independent estate of their own, but the plain language of the pertinent sections of the Code of Civil Procedure, unqualified by any reference or allusion to the possible relationship between guardian ad litem and infant plaintiff, affords no basis for an argument that an infant plaintiff who establishes in relation to himself all the facts mentioned in the sections to which reference has been made is not a poor person, entitled to prosecute as such, because his guardian ad litem is his father, who has shown himself to be possessed of more than $100 in his affidavit of qualification as guardian. Until some legislative enactment changes the definition of an infant poor person, we shall feel constrained to hold no distinction between those whose parents have qualified as their guardians and others.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.