U. S. NECKWEAR CORPORATION, Plaintiff, *v.* SINACO COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, February 17, 1941.

*Edward H. Kahn,* for the plaintiff.

*Henry Schantz,* for the defendant.

EDER, J. Motion by defendant for an order directing that a commission issue to the consular representative of the United States, situated at Berne and Zurich, Switzerland, to take the deposition of four witnesses, two named and two unnamed, upon written interrogatories, and that the cost of such commission be borne by the plaintiff and to stay the trial of this action until the return of the commission. The action is to recover damages for breach of contract to sell and deliver tie silks to the plaintiff.

The defendant served a demand on plaintiff pursuant to section 323 of the Civil Practice Act, to admit specific facts set forth, and upon plaintiff's omission to do so, applies for the above relief to prove such facts by said persons, those whose names are known and those whose names are unknown.

Before passing upon the propriety of granting the application or any of the legal questions involved, considering that the persons proposed to be examined reside in a foreign country, the thought suggesting itself to the court is whether a commission is a proper procedure since such persons cannot be compelled to attend before a consular officer in that country and hence the issuance of a commission would be a futile proceeding and the court will not grant an application and stay trial of the action where no result can be attained. It seems that the only way, therefore, to procure the testimony in such case is by the issuance of letters rogatory; that the courts of the Confederation of Switzerland will not execute the usual commission to examine witnesses but will recognize and execute letters rogatory. (See *Matter of Bedford Watch Co., Inc.*, 18 F. Supp. 1009 [D. C. S. D. N. Y.].) The law applicable thereto is instructively set forth in Weeks, Law of Depositions, section 128, as follows: " There is a broad distinction between the execution of a commission and the procurement of testimony by the instrumentality of letters rogatory or requisitory. In the former case, the rules of procedure are established by the court issuing the commission, and are entirely under its control. In the latter, the methods of procedure must, from the nature of the case, be altogether under the control of the foreign tribunal which is appealed to for assistance in the administration of justice. We cannot execute our own laws in a foreign country, nor can we prescribe conditions for the performance of a request which is based entirely upon the comity of nations, and which, if granted, is altogether *ex gratia*. * * * We cannot dictate the methods to be pursued by the court whose assistance we invoke. The rules and practice of the foreign court must be the law of procedure in such cases."

To grant a commission where there is no power in the commission officer to compel attendance of the witnesses, or punish them for non-attendance, would be an empty ceremony and wholly meaningless. The court will not indulge in idle gestures. Obviously, where letters rogatory are issued, which the foreign court will execute, attendance before such court can be compelled by its process and disobedience punished. In the circumstances I hold that the proper practice and procedure is letters rogatory, authorized by section 309 of the Civil Practice Act. The motion is denied, without prejudice to apply for the issuance of letters rogatory. Submit order.