DOMINICK D'AMORE, Respondent, v. NATIONAL TRANSPORTATION Co., INC., Appellant.— Action to recover damages for personal injuries sustained when plaintiff was struck by defendant's automobile. Order granting reargument and upon reargument granting plaintiff's motion for a preference, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

HENRY GERSTEN and DANIEL E. FINN, as Sheriff of the County of New York, Respondents, v. SCHRODER TRUST COMPANY, Appellant.— Order, as resettled, granting motion of the plaintiffs and suppressing letters rogatory and the depositions taken pursuant thereto, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur, with the following memorandum: There was no showing which warranted the suppression of the depositions. The procedure adopted appears to have been in accordance with the practice of the foreign court, which governs, and any irregularity was waived by the appearance and participation of the attorney representing the respondents. (*Union Square Bank* v. *Reichmann*, 9 App. Div. 596, 600; *Decauville Automobile Co.* v. *Metropolitan Bank*, 124 id. 478, 485; *Northern Pacific Railroad* v. *Urlin*, 158 U. S. 271, 273, 274.) Nor does the practice which obtained constitute any miscarriage of justice. The interrogatories and cross-interrogatories constitute a searching examination of the relationship between the defendant, the National Bank of Hungary, the Foreign Credits Office and the Cash Office, and relate to each and every transaction concerning the bond issue in question, as well as other obligations of Hungarian nationals to American creditors. Intelligent answers required recourse to the sources of information. The fact that answers to the depositions, sworn to at the hearing, were prepared and written in advance of the hearing is insufficient to warrant suppression, in the light of the circumstances and of the fact that no objection was made to this practice by plaintiffs' attorney, who was present and in charge of plaintiffs' interests. There is no proof that the answers were prepared by persons other than the witnesses. On the contrary, the proof is that the witnesses prepared their own answers. It is clear that the witness who refused to answer certain questions was precluded from doing so by provisions of law, and such answers, in any event, were immaterial in view of the testimony that the debtor had no control over moneys which it had transferred to the governmental agency in accordance with law. Nor was any objection interposed to this refusal, or any ruling demanded that the witness be directed to answer. After examination of the depositions, having in mind the claims that the answers were evasive or insufficient, our conclusion is that, in general, the questions were fully and fairly answered. It is not shown, as to documents which are not joined to the protocol, that plaintiffs made any request to photostat such documents, in accordance with the provision of the order settling interrogatories.