In the Matter of the Accounting of GERDA ECKERT, as Temporary Administratrix of the Estate of FRICIS VILNIS GRAUDS, Also Known as FR. GRAUDS, an Absentee.

In the Matter of the Accounting of GERDA ECKERT, as General Guardian, with Limited Authority, of the Estate of FRICIS VILNIS GRAUDS, an Infant.

Surrogate's Court, New York County, March 22, 1943.

*Charles Recht* for Latvian State Cargo and Passenger Steamship Line, for motion.

*Edmund M. McCarthy,* special guardian for Fricis Vilnis Grauds, an absentee, Elza Grauds and others, infants, and for unborn issue, in opposition to motion.

*Robert H. Law* for Latvian Legation in Washington and Alfred Bilmanis, Envoy Extraordinary and Minister Plenipotentiary and Consul General of Latvia in the United States.

*James N. Vaughan* and *P. A. Beck* for Gerda Eckert, as general guardian and temporary administratrix.

*James L. Duncanson* and *Crawford W Hawkins*, attorneys designated by Alien Property Custodian to represent Fricis Grauds, an absentee, Elza Grauds and others, infants, and for unborn issue, being persons within enemy-occupied territory.

*Joseph A. Cox* for James F. Egan, as Public Administrator of the County of New York.

*George F. Paverini* for Mikelis Perkons.

*Stephen S. Kent* for Irving Trust Company.

*Frederick W. McGowan* for National Surety Corporation.

*Giles F. Giovanazzi,* special guardian for Fricis Grauds, an infant.

DELEHANTY, S. In these accounting proceedings an application is made for the issuance of letters rogatory and for a stay pending the return of the depositions to be taken under such letters. The motion is made by Charles Recht, Esq., in behalf of Fricis Vilnis Grauds, Elza Grauds, Gunar Grauds, Rosalie Grauds, Latvian State Cargo & Passenger Steamship Line and Consul General of the Union of Soviet Socialist Republics. In respect of all the parties in whose behalf such application is made, except Latvian State Cargo & Passenger Steamship Line, the appearances of Mr. Recht have been stricken out and the objections interposed by him dismissed (*Matter of Grauds,* 180 Misc. 552). There remains for consideration only the application by Latvian State Cargo & Passenger Steamship Line. The origin of this corporation was declared by Mr. Recht in a hearing in matters concerning this estate held on April 23, 1942. At that time the following occurred: " Mr. Recht: I represent

the Latvian State Steamship Passenger & Cargo Line, by virtue — The Surrogate: Are you representing the Latvian Government? Mr. Recht: I represent an organization, your Honor, which is a separate entity, organized by decrees of the Soviet Government. The Surrogate: So that you are here representing really the Union of Soviet Socialist Republics. Mr. Recht: Only by virtue of its action in creating this corporate entity, which was to acquire all these vessels originally and operate them in line with its defense.''

The status of Mr. Recht and that of the Latvian State Cargo & Passenger Steamship Line are not supported by any adequate evidence. All that is offered to the court on the subject are some cables which purport to recite some happenings which are alleged to include a report of action by the Russian authorities resulting in a claim of title by the steamship line to the property which is involved in the accounting before the court. There is of course no showing that any of the individuals are Russian nationals or that the Russian Government ever had any governmental authority to deal with the property of any of them. There is no authentication of Mr. Recht's appearance under section 41 of the Surrogate's Court Act. The only claim which the steamship line can have to the property finds its roots in some purported decree or decrees of the Russian Government, the legality of which is not recognized in respect of Latvia or its nationals by our government. There is no showing that any Russian authority was ever competent to issue any effective process to any resident of Latvia or to deal effectively with any property of a Latvian citizen. There is nothing before the court to show that any of the individuals whose examination is sought are in fact in Russia. All that is alleged on this point is alleged on information and belief and no address of any kind and no information in lieu of an address is offered. The purported authority to Mr. Recht on the part of Fricis Vilnis Grauds is contained (so far as the moving papers show) in purported copies of purported cables but there is no indication whatever that the cables originated with Grauds or, if they did, that they are voluntary. The same lack of authenticity exists in respect of the cables and other messages already in the record from Grauds asserting that he expected to be put under compulsion to surrender his property. In any event the existing record compels the court to insist, preliminarily at least, upon some showing that any action of Grauds relied upon by the moving party is the action of a free man. The application in any event is not made in timely fashion. While it has been talked about

in recent appearances of Mr. Recht before the court the necessity for the application was clear to him long ago. The bringing on of the application only three days before a scheduled hearing warrants a finding that the purpose of the motion is to procure an indefinite delay of all proceedings respecting the property involved in the proceedings before the court.

In addition to all this the conceded status of the purported witnesses as Latvian citizens up to the invasion of Latvia by Russia and the lack of recognition by our country of any enforced transfer by them of their property to a Russian agency make so doubtful the relevancy or materiality of the testimony sought that the court ought not grant the application. (*Goshi Kaisha Yamamoto Sohonten* v. *France & Canada S. S. Co., Ltd.*, 196 App. Div. 551.)

For all the reasons stated the motion is in all respects denied.