ECCO HIGH FREQUENCY CORPORATION, Plaintiff, *v.* AMTORG TRADING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, September 12, 1949.

*Wolf, Popper, Ross & Wolff* for defendant.

*Everett Frooks* and *Margaret Frooks* for plaintiff.

CORCORAN, J. The motion of the defendant to examine plaintiff before trial is granted as to items 1, 2 and 3. The examination shall proceed at Special Term, Part II on September 26, 1949, at 10:30 A.M., at which time and place all pertinent records shall be produced for use pursuant to section 296 of the Civil Practice Act.

The motion of the defendant for a discovery and inspection is granted. The time and place of the discovery and inspection shall be fixed in the order, the settlement of which is hereby directed. The defendant shall bear the expenses in connection with the discovery and inspection, and memoranda concerning the amount shall be submitted at the time of the order hereby directed.

The motion for the issuance of letters rogatory is granted, but the motion to stay the trial until the return of the depositions taken pursuant to the letters rogatory is denied.

It is apparent that the ordinary commission, open or closed, is not available for the taking of testimony in the Union of Soviet Socialist Republics and that " letters rogatory are the only means through which testimony may be obtained. Consequently, letters rogatory should be transmitted through the diplomatic channel in order that the necessary requirements may be met ". (2 Moore on Federal Practice 2555; *U. S. Neckware Corporation* v. *Sinaco Co.*, 176 Misc. 51.)

The testimony sought to be elicited does not appear to be irrelevant or immaterial so as to invoke the court's discretion against the issuance of letters rogatory as in *Goshi Kaisha Yamamoto Sohonten* v. *France & Canada S. S. Co.* (196 App. Div. 551), nor does there appear to be any factor in the case at bar such as existed in *Matter of Grauds* (180 Misc. 558, 560) where the issuance of letters rogatory was denied because, among other things, there was " nothing before the court to show that any of the individuals whose examination is sought are in fact in Russia ". On the other hand, the Appellate Division has recently held that written interrogatories and cross-interrogatories should be directed to issue to the United States Consul at Budapest, Hungary, and that " The fact that the interrogatories are taken in Hungary will be a matter for consideration of the triers of the fact ". (*Bator* v. *Hungarian Commercial Bank of Pest*, 275 App. Div. 826.)

With respect to the plaintiff's contention concerning " the dangers inherent in their (letters rogatory) issuance in this case ", a motion to suppress may be made under rule 133 of the Rules of Civil Practice if the deposition should in any way, be improperly or irregularly taken or returned, or if there should be any practice of fraud or unfair conduct with respect to such deposition.

Written interrogatories and cross-interrogatories are to be settled in accordance with rule 126 of the Rules of Civil Practice.

The application for a stay of the trial is denied because all that appears in the moving papers with respect to the date of trial is that " this case presumably will be called on the Reserve Calendar for September or October 1949 ". It will be time enough to discuss date of trial when the action regularly comes before the calendar justice.

Settle order on notice.