Van Voorhis, J.
(dissenting). The action is brought to recover for certain
electrical equipment manufactured pursuant to orders placed by the Government Purchasing Commission of the U. S. S. R. The complaint alleges that defendant Amtorg Trading Corporation took an assignment of these contracts and assumed the obligations of the Government Purchasing Commission, and thereafter repudiated the agreements and declined to accept or pay for said equipment. The order appealed from provides for an examination of plaintiff before trial concerning said assignment and the assumption by Amtorg of the liabilities of the Government Purchasing Commission. It further directs on motion by defendant that letters rogatory issue under the seal of this court “ directed to the Moscow City Court or other appropriate Court at the City of Moscow, IT. S. S. R.” to take the testimony of defendant’s witnesses in Russia upon interrogatories and cross-interrogatories to be annexed to said letters rogatory.
The case of Dorros, Inc., v. Dorros Bros. (274 App. Div. 11), for good and well-understood reasons, broadened the rule respecting examinations before trial in certain actions so as not to restrict a party, in the exercise of discretion, to an examination of an adverse party concerning matters pertaining to his own affirmative cause of action or defense. But here, plaintiff is sought to be examined concerning a transaction in which it did not participate, and concerning which it does not have special knowledge, but which occurred, if at all, between defendant Amtorg and the Government Purchasing Commission of the IT. S. S. R. The answer denies assumption of liability by Amtorg, and plaintiff must establish this part of its ease through documents emanating from defendant and by hostile witnesses. Plaintiff has already furnished defendant with two bills of particulars stating the time and manner in which it is claimed that Amtorg assumed this responsibility, that such assumption was partly oral and partly in writing, attaching a copy of the written portion and stating the substance of the oral part, and the names are set forth of the individuals claimed to have acted in the transaction in behalf of defendant and of the Government Purchasing Commission.
It is difficult to understand how defendant can be entitled to more than this in order to prepare for trial upon that issue. Where information sought is procurable by a bill of particulars, it has been held in this State that an examination before trial will be refused (Gibbs v. Tilgey Realty Corp., 246 App. Div. 780, appeal dismissed 271 N. Y. 652).
Although knowledge by defendant would not of itself defeat an examination of plaintiff, nevertheless where, as here, the testimony to be elicited will neither be admissible nor calculated to lead to the discovery of admissible evidence, the examination should be denied. The reason for disallowing it in this kind of a situation, is that otherwise an opportunity is presented to enable a defendant to ascertain how much or how little a plaintiff knows of the very conduct by the defendant which plaintiff must prove in order to establish a prima facie case. A defendant does not need such information, and generally ought not to have it, in order to prepare for trial. Without an offsetting contribution to the administration of justice, it offers an invitation to the unscrupulous to manufacture a defense tailored to gaps in plaintiff’s knowledge of what such defendant itself has done. Except for an objection that the material is privileged, this would not differ substantially from allowing an examination of the adversary’s file, sought in order to calculate the risk of what can successfully be concealed at the trial.
*829 Even under subdivision (b) of rule 26 of the Federal Rules of Civil Procedure, as amended in 1947, such examinations are limited, if the testimony will be inadmissible, to situations where “the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.” That could not be the case here, even if what is calculated to “ lead to the discovery of admissible evidence” were construed to include preparation for trial. All that defendant is entitled to in preparation for trial has been provided for through bills of particulars.
Insofar as concerns the issuance of letters rogatory to defendant to obtain testimony of its own witnesses in Russia, plaintiff ought to have opportunity to cross-examine these witnesses. The transactions alleged in the complaint, except the assumption of liability by Amtorg, occurred in the United States, where the manufactured articles were to be delivered. While under some circumstances cross-interrogatories are held to be a substitute for cross-examination, it is discretionary with the court whether depositions taken without the State shall be oral or upon written interrogatories (Civ. Prac. Act, § 302), and plaintiff ought not to be deprived of oral cross-examination in this case. It is impractical to issue an open commission, inasmuch as we are informed by the United States Department of State that there are no United States Consuls or other officials of our Government in Russia who are in position to execute such commissions. That leaves the situation such that defendant, itself a representative of the Russian Government, is requesting the Hew York State Supreme Court to issue letters rogatory to a Russian court in Moscow to take the necessary testimony for the defendant. Section 309 of the Civil Practice Act provides that in a case where a party is entitled to take testimony by deposition, if there is good reason to believe that the ends of justice will be better promoted by the issuance of letters rogatory than by the granting of an order, the issuance of a commission, or service of a notice, such letters may be issued by the court. Carmody states (4 Carmody on Hew York Practice, § 1267, p. 2911): “ The statute gives no information as to the nature of letters rogatory and it must therefore be assumed that the Legislature inserted this provision having in mind the nature of letters rogatory as ordinarily understood in legal literature. Letters rogatory or re'quisitory are a means of procuring testimony in a foreign country by an appeal to the foreign tribunal. It consists of a request issued by a court of this country to the court or a judge of another country, for the examination of a witness. Such request is based entirely upon the comity of nations, and, if granted, is altogether ex gratia; for this reason, there is contained in the request, a statement to the effect that ‘we shall be ready and willing to do the same for you in a similar case when required/” (See Union Square Bank V. Reichmann, 9 App. Div. 596.)
While there is power to issue such letters, even to a court of another country which is itself a party to the action, their issuance rests in the sound judicial discretion of the Supreme Court. Before such letters are granted, it should appear that they will be executed in accordance with the fundamentals of due process of law, at least under the principles of some system of jurisprudence offering reasonable assurance of impartiality in the conduct of such proceedings. The testimony of witnesses, as reported back to us, must be something more than a mere self-serving declaration. In view of the announced Russian doctrine that law and courts are merely instrumentalities created to give effect to the will of the ruling power, and inasmuch as the will of the ruling power in this case is manifestly that Amtorg should not pay for these goods, it is especially *830 incumbent on defendant to satisfy the court that these witnesses for the defendant would be examined in Moscow in accordance with the rudimentary postulates of due process. There is a total failure of proof in that respect.
A recent expression of the gulf which separates the two systems of law, in this regard, is found in Vyshinsky: The Law of the Soviet State (Macmillan, 1948). He says: “ The court organization is inseparably embodied in the state organization as a constituent part of that organization” (p. 504), and this book confirms passim (if any confirmation were necessary) that independence of courts is condemned by Russian jurisprudence, certainly where the State is affected by the result. Although a domestic corporation, there is no uncertainty concerning Amtorg’s status as an agency of the U. S. S. R.
The order appealed from should be modified by striking out subdivision (1) of the first ordering paragraph and by eliminating the direction for the issuance of letters rogatory, and otherwise affirmed, with $20 costs and disbursements to appellant.
Peek, P. J., Glennon, Callahan and Shientag, JJ., concur in decision; Van Voorhis, J., dissents in opinion.
Order, so far as appealed from, affirmed, with $20 costs and disbursements. Ho opinion. [See 196 Misc. 405.]