John S. Marsh, J.
Plaintiffs have moved for an order directing the issuance of letters rogatory to the appropriate court of the U. S. S. R., to take the testimony of Mary Tomaka and Lydia Tomaka in the U. S. S. R., as to their relationship to the deceased.
It appears that the testimony sought is material and necessary to the establishment of plaintiffs’ cause of action for damages for defendant’s negligence, resulting in the decedent’s death, and no reasonable basis appears for denying plaintiffs’ application on the ground of laches.
It further appears that the area in which the parties sought to be examined reside is within the territorial jurisdiction of the government of the U. S. S. R., as attested, not only by maps of the area, but also by an authentication of a power of attorney executed by them by the United States vice-consul stationed in Moscow, U. S. S. R.
The language of the Justice in Special Term on a similar application in Ecco High Frequency Corp. v. Amtorg Trading Corp. (196 Misc. 405, 406, affd. 276 App. Div. 827) is appropriate to the instant matter where in he stated: ‘ ‘ It is apparent that the ordinary commission, open or closed, is not available for the taking of testimony in the Union of Soviet Socialist Republics and that ‘ letters rogatory are the only means through which testimony may be obtained. Consequently, letters rogatory should be transmitted through the diplomatic channel in order that the necessary requirements may be met ’. (2 Moore on Federal Practice 2555; U. S. Neckware Corporation v. Sinaco Co., 176 Misc. 51.) ”
Any objection to the methods of procedure followed by the foreign court in the execution of the letters rogatory as such methods might affect the competency or credibility of the testimony taken may properly be asserted upon their return. As was pointed out in Ecco High Frequency Corp. v. Amtorg Trading Corp. (supra, p 406), “ motion to suppress may be made under rule 133 of the Rules of Civil Practice if the deposition should in any way, be improperly or irregularly taken or returned, or if there should be any practice of fraud or unfair conduct with respect to such deposition.”
Also, as stated in Bator v. Hungarian Commercial Bank of Pest (275 App. Div. 826) in connection with the taking of testimony of witnesses in a country having a governmental regime similar to the U. S. S. R., “ The fact that the interrogatories are taken in Hungary will be a matter for consideration by the triers of the facts.”
*274 An order may be entered here in directing the issuance of letters rogatory to any judge or tribunal having jurisdiction of civil causes at Busilow, Powiat Lwow, Poczta Krasne, U. S. S. B., to take the testimony of Mary Tomaka and Lydia Tomaka, her daughter, upon written interrogatories to be annexed to said letters rogatory upon the marital status of one Mary Tomaka and the relationship of one Lydia Tomaka to Mary Tomaka and the decedent, Joseph H. Tomaka, such written interrogatories and cross interrogatories to be settled in accordance with the Buies of Civil Practice.