MARTHA J. CLARKE, Appellant, v. FRANK D. CLARKE, Respondent.— Order reversed and matter remitted to the Special Term for further proceedings not inconsistent with the memorandum. Memorandum: Upon the application of the plaintiff, an award of alimony contained in a 1947 judgment was increased by Special Term from $15 to $22.50 a week. The plaintiff has appealed from the order claiming that the increase was insufficient. The matter was submitted solely upon affidavits which were inadequate to demonstrate the financial condition of the respective parties. The Special Term Justice found the papers insufficient to permit an intelligent appraisal of the application but awarded the increase " *solely* by reason of the very substantial increase in the cost of living " (italics added). An increase in cost of living is only one factor involved in such a determination and, standing alone, cannot support the order appealed from. (Cf. *Phillips* v. *Phillips*, 1 A D 2d 393.) The matter must be remitted to Special Term so that a hearing may be had and all of the relevant and material issues determined. The plaintiff also appeals from that part of the order which denies counsel fees. Neither the notice of motion nor the affidavit of the plaintiff supporting such notice of motion includes a request for an order awarding counsel fees. Inasmuch as the matter is to be remitted, this latter question, if it is properly brought before Special Term, may be determined upon such remission. All concur. (Appeal from an order of Onondaga Special Term modifying a decree of separation by giving plaintiff a claimed inadequate increase in alimony and denying counsel fees to plaintiff's attorney.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

MAE SENN et al., Respondents, v. DOROTHY WOLF, Defendant, and OTTO WOLF, Appellant.— Order affirmed, with costs. All concur. (Appeal from an order of Cattaraugus Trial Term granting plaintiffs' motion to set aside the verdict of a jury in favor of defendant Otto Wolf for no cause of action and for a new trial, in an automobile negligence action.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

JOHN TOMAKA et al., as Administrators of the Estate of JOSEPH H. TOMAKA, Deceased, Respondents, v. PENNSYLVANIA RAILROAD CO., Appellant. — Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term granting plaintiffs' motion that letters rogatory be directed to the Supreme Court of the U.S.S.R. in Moscow, and ordering interrogatories and cross interrogatories be settled.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ. [13 Misc 2d 272.]

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent, v. MANUFACTURERS AND TRADERS TRUST COMPANY et al., as Executors of JAMES SAVAGE, Deceased, Appellants, et al., Defendant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term restraining the executors of the estate of James Savage from instituting any proceeding for the appointment of an ancillary representative for such estate in the Province of Ontario or elsewhere, to determine the matters set forth in the complaint.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY LEO CRANDALL, Appellant.— Order affirmed. All concur. (Appeal from an order of Steuben County Court dismissing a petition for a writ of error *coram nobis*.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.