OPINION OF THE COURT
Seymour Rotker, J.
This is an ex parte application by the District Attorney of *507 Queens County for issuance of letters rogatory directed to any Judge or magistrate or police authority having jurisdiction of criminal cases in a foreign country to examine under oath certain named people and to conduct an investigation by any and all means of legal surveillance or any other legal investigative method.[1]
The persons who the People seek to depose by way of letters rogatory are foreign citizens, reside in a foreign country, are under scrutiny and are possible targets of the investigation with the exception of two of the named individuals.
In general, letters rogatory have been defined as " '[a] request by the court of another court in an independent jurisdiction, that a witness be examined upon interrogation sent with the request.’ ” (Magdanz v District Ct., 222 Iowa 456, 458, 269 NW 498, 499.) It is further defined as "the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter’s control to assist the administration of justice in the former country” (The Signe, 37 F Supp 819, 820 [US Dist Ct La 1941]).
When our courts execute letters rogatory " 'the methods of procedure * * * [used are] altogether under the control of the foreign tribunal which is appealed to for assistance in the administration of justice. We cannot execute our own laws in a foreign country, nor can we prescribe conditions for the performance of a request which is based entirely upon the comity of nations, and which, if granted, is altogether ex gratia. * * * We cannot dictate the methods to be pursued by the court whose assistance we invoke. The rules and practice of the foreign court must be the law of procedure in such cases.’ ” (U.S. Neckwear Corp. v Sinaco Co., 176 Misc 51, 52 [1941].)
At present, there is no statutory provision or case law precedent governing the issuance of letters rogatory by the New York Supreme Court in connection with a criminal matter. However, letters rogatory may be issued in a civil matter by a Justice of the Supreme Court. CPLR 3108 provides: "A deposition may be taken on written questions when the examining party and the deponent so stipulate or when *508 the testimony is to be taken without the state. A commission[2] or letters rogatory may be issued where necessary or convenient for the taking of a deposition outside the state.” Explicit by the terms of the statute is the need for a court to determine whether it should be done by a commission or letters rogatory.
As a general rule, courts of this State are reluctant to issue letters rogatory in civil matters where the testimony can be secured orally, either within this jurisdiction or within the jurisdiction where the witness resides. (See, Matter of Vilensky, 102 Misc 2d 765; Estate of Panacik, NYLJ, Dec. 4, 1979, p 12, col 1; Estate of Janes, NYLJ, Apr. 25, 1979, p 12, col 3.) A recent case worth noting on letters rogatory is Estate of Siiderof (NYLJ, Feb. 18, 1982, p 6, col 6 [Sur Ct, NY County, Lambert, S.]). It holds that letters rogatory should be resorted to last, with a showing that other devices, such as a commission, won’t work in the particular case. The reason cited is that the letter rogatory anticipates the use of the foreign tribunal’s rules and devices to aid the disclosure, and these are not as certain, as our devices are, to implement our domestic values of confrontation, cross-examination and the like. The court in Siiderof (supra) denied letters without prejudice to a renewal of the application later, upon a showing that nothing else will do the job.
This rule was expressed by the National Conference of Commissioners of Uniform State Laws when it stated "many courts, both federal and state, have held that a letter rogatory will not be issued unless it is shown to be impossible or impractical to obtain a deposition by commission * * * nor [will] a letter rogatory * * * be issued if another method for procuring testimony is available.” (Commissioners’ Comment, Uniform Interstate and International Procedure Act, 13 ULA § 3.01, at 490.)
Letters rogatory is a direction by New York courts to the courts of a foreign jurisdiction to take testimony in that jurisdiction. Where letters rogatory are issued, the courts of New York are in effect, consciously waiving its rights to impose its rules of procedure on the procurement of the *509 testimony. This waiver can affect both the admissibility and credibility of the testimony when it is offered as evidence-in-chief at a trial on the merits.
CPL article 680 sets forth the procedures for acquiring out-of-State testimony. It is the closest State statute governing the issuance of "interrogatories”.[3]
A determination as to whether a commission shall issue is one resting in sound discretion of court (CPL 680.10 [2]; 680.20).
The establishment of a commission is available initially only to the defendant but once granted, People may also seek such a procedure (CPL 680.20, 680.30 [1]).
Only after the grant of a commission authorization to a defendant may the court then authorize that same commission on behalf of the People to examine nonresident witnesses upon the same substantive and formalistic requirements as found in CPL 680.20 and 680.40. Nowhere is there mention in CPL article 680 of the issuance of interrogatories ex parte in criminal cases.[4]
In support of the application, the People are aware that Federal cases have allowed the issuance of letters rogatory in criminal matters and seek to convince this court that because of the seriousness of the matter under investigation, this court should follow Federal decisions allowing the issuance of letters rogatory. The power of a Federal court to transmit a letter rogatory is governed, at least in part, by 28 USC § 1781, which states:
"(a) The Department of State has power, directly, or through suitable channels—
"(1) to receive a letter rogatory issued, or request made, by a foreign or international tribunal, to transmit it to the tribunal, officer, or agency in the United States to whom it is addressed, and to receive and return it after execution; and
"(2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or *510 international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.
"(b) This section does not preclude—
"(1) the transmittal of a letter rogatory or request directly from a foreign or international tribunal to the tribunal, officer, or agency in the United States to whom it is addressed and its return in the same manner; or
"(2) the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.”
"Although not explicitly stating that a court has the power to issue a letter rogatory, [28 USC § 1781] recognizes the power of the Department of State to transmit such a request from a court of the United States to a foreign court and to receive and transmit back that response from the destination court.” (United States v Strong, 608 F Supp 188, 192-193 [US Dist Ct Pa 1985].)
Federal Rules of Criminal Procedure rule 15 (in 18 USC, Appendix) sets forth the procedure in which depositions may be taken.
"Rule 15. Depositions
"(a) When taken. Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place. If a witness is detained pursuant to section 3144 of title 18, United States Code, the court on written motion of the witness and upon notice to the parties may direct that his deposition be taken. After the deposition has been subscribed the court may discharge the witness.” (Emphasis added.)
Subdivision (a)’s "principal objective is the preservation of evidence for use at trial. It is not to provide a method of pretrial discovery nor primarily for the purpose of obtaining a basis for later cross-examination of an adverse witness * * * Subdivision (a) also makes explicit that only the 'testimony of a prospective witness of a party’ can be taken. This * * * does not authorize a discovery deposition of an adverse witness.” (Notes of Advisory Committee on 1974 Amendments to Rules, *511 Fed Rules Crim Pro rule 15 [in 18 USC, Appendix]; emphasis added; United States v Varbaro, 597 F Supp 1173 [US Dist Ct SDNY 1984].)
Rule 15 (a) leaves the decision on motion for deposition to the discretion of District Court, but the language suggests that discretion is not broad and should be exercised carefully; allowing depositions too freely would create risks that parties would seek to use them as discovery devices in criminal cases (United States v Mann, 590 F2d 361 [1st Cir 1978]; United States v Gruberg, 493 F Supp 234 [US Dist Ct SDNY 1979]).
Under any circumstances, Federal laws provide that no deposition may be taken of a party defendant without his consent (Fed Rules Crim Pro rule 15 [d] [in 18 USC, Appendix]).
The People state there are no defendants at this stage of the criminal investigation and the admissibility of any testimony taken will be determined by our courts.
The People seek to have this court issue letters rogatory requesting foreign officials to conduct an investigation and depose its citizens where information sought from witnesses could result in self-incriminating evidence and used against them if necessary.
In In re Letters Rogatory from Tokyo Disk, Tokyo, Japan (539 F2d 1216 [9th Cir 1976]), court held that the District Court is given discretion in determining whether letters rogatory should be honored; subpoenas properly issued pursuant to request of Japanese public prosecutor’s officer investigating alleged Lockheed bribery of Japanese citizens where information was sought from witnesses who were not subjects of the investigations for use in completion of investigation and future trial. If our courts look for certain criteria before honoring letters rogatory, and one of the criteria is that witnesses not be subjects of the investigation, we should not ask a foreign tribunal to do that which we would not do in our own courts.
The People cite two Federal cases in support of their application for issuance of letters rogatory.
Both cases are distinguished from the present case at bar.
In United States v Strong (608 F Supp 188 [US Dist Ct Pa 1985], supra) defendant had full opportunity to argue his case regarding the power of the court to issue letters rogatory. Moreover, the defendant had already been indicted and was awaiting trial. The court held that the witness was extremely *512 important to the proceeding and a jury would not be fully able to evaluate the entire case without witnesses’ testimony.
Federal Rules of Criminal Procedure, rule 15 (a) permits the taking of depositions "[wjhenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial” (emphasis added).
In United States v Regan (453 F2d 165), the defendant, an American citizen, was being held for a murder committed aboard an American vessel in a German harbor. The German authorities conducted an investigation and the German court had before it the results of a rather extensive police investigation. Letters rogatory were issued requesting appropriate German authorities to release records pertaining to the matter. Defendant was fully informed that letters rogatory would be issued.
It should also be pointed out that the German record was used not as the principal part of the prosecution’s case nor was any statement or testimony read from the record which had been procured pursuant to letters rogatory.
In both Strong and Regan (supra), the defendants were in the United States and the testimony taken was either done under "exceptional circumstances” or to preserve testimony at trial.
The People are not asking for records to be released nor are they asking to preserve testimony for trial purposes. They are asking to depose witnesses who are possible targets of the investigation. On criminal cases, unlike civil cases, depositions are not allowed merely for the purpose of discovery (United States v Rich, 580 F2d 929 [1978]).
It would appear that through the issuance of letters rogatory the People seek to find a "future defendant”. This procedure would not be permitted under the Federal rules nor under New York State statutes regarding the taking of depositions.
Therefore, because the People have failed to demonstrate that letters rogatory should be issued at this time and for the reasons expressed herein, the application is in all respects denied.[5]

. Specifics as to the crime are not mentioned in this memorandum in order to insure confidentiality and maintain the integrity of the investigation.

. "A 'Commission’ is a process issued by a superior court designating one or more persons as commissioners and authorizing them to conduct a recorded examination of a witness or witnesses under oath, primarily on the basis of interrogatories annexed to the commission, and to remit to the issuing court the transcript of such examination.” (CPL 680.10 [2]; People v Carter, 37 NY2d 234 [1975].)

. Interrogatories — A set or series of written questions drawn up for the purpose of being propounded to a party in equity, or a witness whose testimony is taken on deposition. (Black’s Law Dictionary, at 735 [5th ed 1979].)

. "Where the terms of the statute are plain and unambiguous, the statute must be construed in accordance with its expressed terms” (Drelich v Kenlyn Homes, 86 AD2d 648, 649 [2d Dept 1982]; Matter of Allstate Ins. Co. v Libow, 106 AD2d 110 [2d Dept 1984]).

. This court gratefully acknowledges the research assistance rendered by CUNY law student, M. Leo, in the preparation of this opinion.