independent cause of action; when they serve merely to defeat the plaintiff's cause of action they amount to a defense and not to a counterclaim. (*Walker* v. *American Central Ins. Co.*, 143 N. Y. 167.)

The matter was not in the prayer for relief designated as a counterclaim, but was claimed as an offset against the plaintiffs' claim. (*Equitable Life Ass. Co.* v. *Cuyler*, 75 N. Y. 511; *McElwee* v. *Trowbridge*, 68 Hun, 28.)

After defendant had made a motion for judgment upon the pleadings, on the ground that a counterclaim had been pleaded and no reply served, which was denied, the plaintiffs proved their case.

No evidence was given by defendant upon its set-off, and the court directed a verdict for the plaintiffs for the amount of their claim.

The case was properly disposed of and the judgment must be affirmed, with costs.

All concurred, except CULLEN, J., not sitting, and BARTLETT, J., who concurred in the result.

Judgment affirmed, with costs.

CARRIE ARCHER BRINK, Respondent, *v.* THE HOME INSURANCE COMPANY of the City of New York, Appellant, Impleaded with THE BANK FOR SAVINGS in the City of New York.

*Place of trial — not to be changed to New York from adjoining counties for the convenience of witnesses.*

Where the venue of an action is laid in the county of Westchester it will not be changed to the county of New York, upon the ground of the convenience of witnesses. These counties are so accessible to each other that the inconveniences of travel, which justify changes of venue in the country districts, have no application.

APPEAL by the defendant, The Home Insurance Company of the city of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 6th day of February,

1896, denying its motion to change the place of trial from Westchester county to New York county, made upon the ground of the convenience of witnesses.

*Dickinson W. Richards* and *John E. Roeser*, for the appellant.

*Eugene L. Bushe*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, for the reasons assigned by the judge at Special Term.

All concurred.

The opinion of the judge at Special Term was as follows:

GAYNOR, J.:

It is the rule not to change the venue for the convenience of witnesses from any of the adjacent counties to New York county.

The county seat of Westchester county is convenient to New York city. This case is not so exceptional as to cause a departure from the rule. The long distances in the country, which necessitate changes of venue, do not exist hereabouts. It cannot be said to be any grave inconvenience to go a distance which takes only an hour or less.

The strong tone of the brief submitted is quite unnecessary. It stands on the alleged right of the defendant, whereas it is not a matter of right. The alleged injustice is imaginary. Motion denied.