BONAVENTURE F. BRODERICK, Respondent, *v.* HANNIBAL J. DE MESA, Appellant.

Second Department, June 8, 1917.

**Trial — venue — action between non-residents — when venue will be changed from rural to metropolitan county.**

The rule that the court will not change a place of trial to promote the ends of justice from a rural to a metropolitan county does not obtain where neither of the parties is a resident of this State and where although the venue has been laid in a rural county, as a matter of fact both parties and their attorneys and most of the witnesses reside in the county of New York. The venue will be changed to the latter county where it will serve the convenience of witnesses, bring the trial to the county where the transaction took place and there will be no substantial delay because of the condition of the calendar, so that the ends of justice will be promoted.

MILLS, J., dissented.

APPEAL by the defendant, Hannibal J. de Mesa, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 23d day of April, 1917, denying a motion to change the place of trial from Dutchess county to New York county for the convenience of witnesses and to promote the ends of justice.

*Albert Stickney,* for the appellant.

*Charles Morschauser* [*Raoul E. Desvernine* with him on the brief], for the respondent.

BLACKMAR, J.:

As neither of the parties is a resident of the State, the plaintiff designated the county of Dutchess as the place of trial pursuant to section 984 of the Code of Civil Procedure. No witness resides or has a place for the transaction of his business in that county. The attorneys for both parties have their offices in the city of New York. Most of the transactions which form the subject of the action took place in New York county. Six witnesses either live or have an office for the regular transaction of business in New York county. Upon a showing of these facts defendant moved to change the place

of trial to New York county. The motion was successfully opposed, apparently on the ground that it would not promote the ends of justice to change the place of trial from a rural to a metropolitan county, and the plaintiff seeks to sustain the order on that ground, citing *Quinn* v. *Brooklyn Heights R. R. Co.* (88 App. Div. 57); *Hirshkind* v. *Mayer* (91 id. 416); *Assets Collecting Co.* v. *Equitable Trust Co.* (168 id. 145). In none of these cases, nor in any cited therein, have the courts gone so far as to apply that rule to a case like this. The rule usually has been applied to a question between neighboring counties like Westchester or Queens and New York, where one court house is nearly as convenient as the other. (*Quinn Case, supra; Brink* v. *Home Insurance Co.*, 2 App. Div. 122. See *Navratil* v. *Bohm*, 26 App. Div. 460; *Daley* v. *Hellman*, 16 N. Y. Supp. 689.) As was said in *Tuthill* v. *Long Island R. R. Co.* (75 Hun, 556): " The reason [for the rural county rule] is that the court calendars in those cities are large and the uncertainties of a trial are so great that a litigant whose witnesses reside in the country encounters delays and expenses which would ordinarily deter him from the pursuit of his rights." The condition of the calendars in the metropolitan counties, especially for contract cases, are now far different, and in this case there are no witnesses residing in Dutchess county to encounter delays and expenses in attending court in New York.

We think a case was made out for a change of the place of trial even from a rural county to New York. Such a change will serve the convenience of all the witnesses, and by bringing the trial to the county where the transaction which will be the subject of inquiry took place, and where the condition of the calendar will not cause substantial delay, the ends of justice will be promoted.

The order is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

JENKS, P. J., STAPLETON and PUTNAM, JJ., concurred; MILLS, J., voted to affirm.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.