STANZY VEELDORANO, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

Second Department, June 14, 1918.

**Venue — action to recover for personal injuries — residence of parties.**

A transitory action, such as one to recover for personal injuries, should be tried in the county where the transaction involved took place.

The venue should not be laid in a county in which neither of the parties resides.

The rule that the place of trial will not be changed from a rural to a metropolitan county is not inflexible, and, where the accident occurred in Bronx county, in which the plaintiff resides and where the defendant railroad company has an office in the regular transaction of business, the venue will be changed from the county of Westchester to Bronx county.

APPEAL by the defendant, Union Railway Company of New York City, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 12th day of December, 1917, denying defendant's motion to change the place of trial herein from the county of Westchester to the county of Bronx on the ground of the convenience of witnesses.

*Alfred T. Davison* [*William R. P. Malony* with him on the brief], for the appellant.

*Leonard F. Fish* [*Thomas J. O'Neill* with him on the brief], for the respondent.

PER CURIAM:

The accident which is the subject of this action occurred in Bronx county. The plaintiff resides in that county. The defendant also has an office for the regular transaction of business in that county. The defendant has two witnesses who reside in that county and one witness attached to a hospital in that county. It has as witnesses also a police officer of the city of New York whose residence is not given, two hospitals in the borough of Manhattan, and the street cleaning department in the borough of Manhattan, all of whom, it avers, it will be obliged to call as witnesses and whose convenience will be promoted by the change of place of trial. None of these facts are disputed.

Transitory actions should be tried in the locality where the transaction involved in the controversy took place. (*Jacobs* v. *Davis*, 65 App. Div. 144.) There is no reason for trying an action in a county in which neither of the parties resides. (*Navratil* v. *Bohm*, 26 App. Div. 460.) The rule that the place of trial will not be changed from a rural to a metropolitian county is not inflexible. (*Broderick* v. *De Mesa*, 178 App. Div. 669; *Pierce* v. *Moore*, 181 id. 885.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

JENKS, P. J., THOMAS, MILLS, KELLY and JAYCOX, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.