HELEN WHEELER, Respondent, v. FRED METZ, Appellant.— Judgment affirmed, with costs. All concur.

FRANK J. DWYER, Respondent, v. MADISON SQUARE GARDEN CORPORATION, Appellant.— Order reversed on the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event. Per Curiam. While it is true that the venue of an action will not ordinarily be changed from a rural to an urban county (*Mills* v. *Sparrow*, 131 App. Div. 241; *Carvel Court Realty Co., Inc.*, v. *Jonas*, 195 id. 662), in this case there is added to the consideration of the greater number of defendant's material witnesses the fact that the alleged contract sued upon was made and breached in New York county where plaintiff spent much of his time in business. (*Veeldorano* v. *Union Ry. Co.*, 183 App. Div. 575; *Woodland Lumber Co.* v. *Barnett*, 185 id. 572; *Broderick* v. *de Mesa*, 178 id. 669; *Parkhill* v. *New England Furniture & Carpet Co.*, 211 id. 871.) All concur, except Thompson, J., not voting.

FRANK J. DWYER, Respondent, v. POLO GROUNDS ATHLETIC CLUB, Appellant. — Order reversed on the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event, upon the grounds stated in the decision in *Dwyer* v. *Madison Square Garden Corp.* [*ante*, p. 895], decided herewith. All concur, except Thompson, J., not voting.

GERTRUDE B. DARLING, as Administratrix, etc., of OLIN M. DARLING, Plaintiff, v. FRED A. MOREHOUSE and Another, Defendants. GERTRUDE B. DARLING, Plaintiff, v. FRED A. MOREHOUSE and Another, Defendants. FRED A. MOREHOUSE, Appellant, v. AMELIA G. SWABY and PERCY JOHNSON, Respondents.— Order modified by striking out the clause in relation to the case going on the calendar and granting the motion for consolidation upon condition that the plaintiffs Darling and defendants Swaby and Johnson shall within three days stipulate that the case go over the present term of court in Wayne county and providing that if such stipulation is not given, the motion for consolidation is denied. In the consolidated action, as between Swaby and Johnson and Morehouse, Morehouse shall have the right to open and close; and as so modified the order is affirmed, without costs of this appeal to either party. All concur. (Order entered May twentieth.)

JULIA PUDIACK, as Administratrix, etc., of JOHN PUDIACK, Deceased, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur, except Sears, P. J., who dissents and votes for reversal on the law; Edgcomb, J., not sitting.

In the Matter of the Application of JAMES J. HARRINGTON, on Behalf of Himself and All Others Members of the Fire Department of the City of Lockport, Respondent, for a Mandamus Order against the CITY OF LOCKPORT and Others. Appellants. — Order affirmed, with costs. All concur.