FRED FISHER, Appellant, *v.* LONG ISLAND LIGHTING COMPANY, Respondent.

Argued January 9, 1939; decided February 28, 1939.

64

*Jacob Leiman* for appellant. The Appellate Division erred in its interpretation of section 15 of the Transportation Corporations Law (Cons. Laws, ch. 63). (*Matter of Meyer*, 209 N. Y. 386.) The judgment of the trial court, as affirmed by the Appellate Division, is contrary to law. (*Schmitt* v. *Edison Electric Illuminating Co.*, 58 Misc. Rep. 19; *Hollander* v. *Westchester Lighting Co.*, 79 Misc. Rep. 646; *Levine* v. *Brooklyn Union Gas Co.*, 146 App. Div. 464; *Hoch* v. *Brooklyn Borough Gas Co.*, 117 App. Div. 882.)

*Philip Huntington* and *David S. Hill, Jr.*, for respondent. The judgment is based upon sound and legal construction

of the statute. (*Tismer* v. *N. Y. Edison Co.*, 228 N. Y. 156; *Hoberg* v. *New York Edison Co.*, 144 Misc. Rep. 726; *McMullin* v. *N. Y. Power & Light Corp.*, 249 App. Div. 695; *Eff-Ess, Inc.*, v. *New York Edison Co.*, 237 App. Div. 315.)

LOUGHRAN, J. The defendant Long Island Lighting Company, a public service corporation, supplied electric current in the home of the plaintiff at Bellemore, Long Island. On March 26, 1936, this service was cut off by the company without advance notice. Three months later the plaintiff paid, under protest, a bill of $181 " for unmetered current " and thereupon the service was renewed.

The company is subject to the Transportation Corporations Law (Cons. Laws, ch. 63). At the time here in issue, section 15 thereof (as amd. L. 1935, ch. 481) provided: " If any person supplied with gas or electric light by any such corporation shall neglect or refuse to pay the rent or remuneration due for the same * * * such corporation may discontinue the supply of gas or electric light to the premises of such person; * * * But the supply of gas or electric light shall not be discontinued *for any cause* until and after a five-day written notice, either personally or by registered mail, has been given to such person." (The emphasis is ours.) For breach of this last provision, plaintiff demands of the company the penalties imposed by section 12 of the statute, restitution of the sum he paid to it under protest, and compensation for loss of use and occupation of his home while the current was shut off.

The jury was charged that the company was bound to give the statutory notice and that its failure to do so made it answerable to the plaintiff for his consequent damages. Despite the company's concession that no notice had been given, the verdict was in its favor. Doubtless the reason was that the jury credited the company's defense that its equipment in the plaintiff's home had been so tampered with that current used was not recorded by the meter. We think this defense had no warrant in the foregoing text of the former section 15 of the statute.

From the premise that "It could not have been the intention of the Legislature to protect the consumer in the right to commit larceny," the Appellate Division concluded that "It is proper to interpret this statute as though it read 'for any cause other than criminal or fraudulent conduct on the part of the consumer.'" (254 App. Div. 866.) In our opinion, no such departure from the letter of the law was called for. We discern nothing whimsical or vicious in the unqualified command of this statute that a gas or electric corporation was not to discontinue the supply of gas or electric light before it gave a five-day written notice to the consumer. Perhaps that policy in the long run did justice all around. In any case, we find ourselves unable to say that common sense or moral principle necessitated an allowance to such corporations of fuller rein in passing judgment on their patrons.

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, FINCH and RIPPEY, JJ., concur; HUBBS, J., dissents.

Judgments reversed, etc.