In the Matter of the Application of JEREMIAH MCNERNEY and Eleven Others, on Behalf of Themselves and All Other Members of the Police Department of the City of Geneva Who May Wish to Join in These Proceedings and Share the Expense Thereof, Petitioners, Respondents, against THE CITY OF GENEVA and Others, Respondents, Appellants, and MORRIS TREMAINE, Comptroller of the State of New York, Respondent.

Fourth Department, May 7, 1941.

*Albert G. Kirby* [*James M. Ryan* of counsel], for the respondents-appellants.

*Thomas J. Cleere,* for the petitioners-respondents.

CUNNINGHAM, J.   The police pension fund of the city of Geneva was established by chapter 391 of the Laws of 1911.   This pension fund included amounts deducted from the pay of the members of the police force of that city.   The city did not contribute directly any sum to the police pension fund but moneys received by it and by the police department from various specified sources were paid into such fund.

The members of the police department of the city of Geneva joined the State Employees' Retirement System pursuant to sections 75 and 76 of the State Civil Service Law.   At that time the assets of the Geneva police pension fund amounted to $91,326.82.

The law provides that when the members of a local pension system join the New York State Employees' Retirement System the administrative head of the local pension fund shall certify the proportion of the funds of the local system that represents the accumulated contributions of the members of the local system and their relative shares therein and that such shares shall be credited in the State retirement fund to the respective annuity savings accounts of the members of such local systems.   The balance of the funds transferred from the local system to the State system is directed to be used as an offset to the liability of the city for payments required to be made by it to the State retirement fund.

The court below has directed that all the moneys in the Geneva police pension fund be certified as representing the accumulated contributions of the members of the Geneva police force.   This certification will increase the retirement allowance of members of the police force and will likewise increase the amount which a member would receive if he withdrew from the State Retirement System.   On the other hand, all sums required to be paid by the city into the State retirement fund will have to be taken from the general revenues of the city.

It becomes necessary to determine in this case what proportion of the funds of the Geneva police pension system " represents the accumulated contributions of the members " of the police force.

(Civil Service Law, § 76.) The phrase "accumulated contributions" is defined as meaning "the sum of all the amounts deducted from the compensation of a member or contributed by him, standing to the credit of his individual account in the annuity savings fund together with regular interest thereon." (Civil Service Law, § 50, subd. 12.)

The appellants have certified only the amounts deducted from the compensation of the present members of the police force of the city of Geneva. They have allowed nothing for contributions.

In *Matter of Harrington* v. *City of Lockport* (235 App. Div. 895) the order of the Special Term was affirmed by this court without opinion. It was held in that case that all of the moneys in the local fire pension fund should be certified as representing the accumulated contributions of the members of the fire department. The statute was construed to mean that the accumulated contributions of the members of a local pension system consisted of money "accumulated by their own acts or donated for their sole benefit."

We believe that this construction of the statute should not be extended so as to include moneys which before the creation of the local pension fund were used for general purposes of the city. Adopting this construction, we conclude that the moneys in the Geneva police pension fund derived from the following sources should be certified as accumulated contributions of the members of the police force:

The deductions from the salaries of present and former members of the police force.

Rewards paid to the police force or to the members thereof.

The proceeds of benefit entertainments given by the police force.

The interest received by the city on the above items.

The order appealed from should be modified on the law and facts by striking out the figures $91,326.82 from the four different places in which they appear in the ordering paragraph of the order and inserting in each place the total of the moneys specified in this opinion as representing accumulated contributions, and, as modified, affirmed, without costs of this appeal to any party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order modified in accordance with the opinion and, as modified, affirmed, without costs of this appeal to any party.