ERNESTA MORRIS, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.

First Department, April 9, 1943.

*John M. Keegan* of counsel (*Thomas H. Beardsley* with him on the brief; *Beardsley & Taylor,* attorneys), for appellant.

*Hutson L. Lovell* for respondent.

UNTERMYER, J. The action was brought to recover statutory penalties provided in the Transportation Corporations Law (§§ 12 and 15) for the failure of the defendant to supply electric service to the plaintiff commencing on April 24, 1941, at which time the defendant, without notice to the plaintiff, discontinued service. The defendant asserted, both as a defense and counterclaim, that by reason of the tampering with the defendant's meter and misappropriation of electric current the plaintiff was not entitled to be supplied with service and was indebted to the defendant for damages for the misappropriated current, for which it asked judgment in its favor.

The trial court found that the electric meter had been tampered with so that it would not register properly the amount of current consumed and that the defendant was entitled to damages of fifty-six dollars and sixty-six cents, representing the estimated amount of current appropriated by the plaintiff, and directed judgment on the counterclaim for that amount. From that judgment the plaintiff has not appealed. The trial court found, however, that the current was not discontinued on April 24th on account of tampering with the meter which had been discovered by the defendant on March 5th, but on account of the plaintiff's failure to pay for the unmetered current after receipt of cards left at the premises requiring the plaintiff to appear at the defendant's office. For that reason the court directed judgment in favor of the plaintiff for sixty-nine dollars and eighty-nine cents, representing statutory penalties under the Transportation Corporations Law after deducting the amount which the defendant was entitled to recover on its counterclaim.

Section 15 of the Transportation Corporations Law so far as material provides that upon nonpayment for current by the consumer the utility corporation may discontinue the supply to the premises but that " the supply of gas or electric light shall not be discontinued for non-payment of bills rendered for service until and after a five-day written notice has been served upon

such person either by delivering the same to such person personally or by mailing the same in post-paid wrapper addressed to such person at premises where service is rendered." Concededly no such notice was sent or delivered in the present case.

It is by no means clear that the defendant discontinued service only on account of nonpayment by the plaintiff for the misappropriated current. It may have done so also on account of the act of the plaintiff in tampering with the meter. The delay from March 5th, when the meter was repaired to April 24th when service was discontinued was necessary to ascertain the amount of current consumed under ordinary conditions of use so that a calculation could be made of the amount of current misappropriated by the plaintiff. The defendant's desire to assert its legal claim for such current is not inconsistent with an intention to discontinue service on account of tampering with its meter. We prefer, however, to rest our decision on the broader ground that the statute (Transportation Corporations Law, § 15) as it has now been amended does not require a five-day notice where the consumer has misappropriated current either by tampering with the meter or by other means.

Previous to 1935 section 15 of the Transportation Corporations Law permitted the corporation without notice of any kind to discontinue service to customers who had failed to pay for gas or electricity. By chapter 481 of the Laws of 1935 the Legislature amended section 15 by adding the provision that "the supply of gas or electric light shall not be discontinued for any cause until and after a five-day written notice, either personally or by registered mail, has been given to such person." Under the statute as it then existed the case of *Fisher* v. *Long Island Lighting Co.* (280 N. Y. 63) was decided, where it was held that the words "for any cause" must be construed to include a tampering with the meter and that current might not, even under those circumstances, be discontinued without written notice of five days. In 1937, however, the Legislature amended these provisions of section 15 by striking out the words "for any cause" and substituting "for non-payment of bills rendered for service." (L. 1937, ch. 545.) We think that in thus amending section 15 the Legislature must have intended to require written notice only in cases where service was discontinued on account of the failure to pay for current lawfully purchased by the consumer rather than for current misappropriated by him. Current thus misappropriated cannot fairly

be characterized as "service" for which a "bill" would be "rendered." Unless the utility saw fit to waive the tort, the larceny of such current would entitle it to assert a claim for damages rather than a claim based upon the consumer's contractual obligation to pay for "service." Since the requirement of notice exists only in cases where the current is discontinued "for non-payment of bills rendered for service" we do not consider that notice was necessary in the present case.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, the complaint dismissed and judgment directed in favor of defendant for sixty dollars and nine cents on its counterclaim, with costs to the defendant in all courts.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and the complaint dismissed and judgment directed in favor of defendant for sixty dollars and nine cents on its counterclaim, with costs to the defendant in all courts.