In the Matter of JEREMIAH McNERNEY et al., on Behalf of Themselves and Other Members of the Police Department of the City of Geneva Who Join in the Proceeding, Appellants and Respondents, against CITY OF GENEVA et al., Respondents and Appellants.

Argued April 19, 1943; decided June 18, 1943.

*Thomas J. Cleere* for petitioners, appellants and respond-ents.

508

*James M. Ryan* and *Arthur T. McAvoy* for defendants, respondents and appellants.

LOUGHRAN, J. This is a proceeding under article 78 of the Civil Practice Act. The defendants are fiscal officers who had managed the police pension fund of the city of Geneva prior to March 15, 1940 — the date on which the members of the

local police department (including the petitioners) were admitted to the New York State Employees' Retirement System through the approval of the Common Council of the city. (See Civil Service Law, art. 5.)

As of that date, the police pension fund of the city amounted to $91,326.82. Section 76 of the statute made this applicable provision: " Any cash and securities to the credit of the local pension system shall be transferred to the New York state employees' retirement system as of the date of the approval. The trustees or other administrative head of the local pension system as of the date of the approval, shall certify the proportion, if any, of the funds of the system that represents the accumulated contributions of the members, and the relative shares of the members as of that date. Such shares shall be credited to the respective annuity savings accounts of such members in the New York state employees' retirement system. The balance of the funds transferred to the New York state employees' retirement system shall be offset against the accrued liability before determining the special deficiency contribution to be paid by the locality as provided by section seventy-eight. The operation of the local pension system shall be discontinued as of the date of the approval."

In asserted compliance with these words of the statute, the defendants certified to the New York State Employees' Retirement System that out of the total of $91,326.82 remaining in the city police pension fund on March 15, 1940, the sum of $7,865.23 represented the accumulated contributions of the members. This reckoning left a balance of $83,461.59 to be credited to the city by way of offset against the liability which the statute imposed upon it in consequence of the participation of the members of its police force in the New York State Employees' Retirement System.

Dissatisfied with this outcome, the petitioners (as such members) brought the present proceeding to compel the defendants to certify the full amount of the former local police pension fund on March 15, 1940 — $91,326.82 — as the sum of such accumulated contributions. Special Term ordered the defendants to make that certification, citing *Matter of Harrington* v. *City of Lockport* (235 App. Div. 895).

On appeal by the defendants, the order of Special Term was modified by the Appellate Division for reasons stated as follows: " In *Matter of Harrington* v. *City of Lockport* (235 App. Div. 895) the order of the Special Term was affirmed by this court without opinion. It was held in that case that all of the moneys in the local fire pension fund should be certified as representing the accumulated contributions of the members of the fire department. The statute was construed to mean that the accumulated contributions of the members of a local pension system consisted of money ' accumulated by their own acts or donated for their sole benefit.' We believe that this construction of the statute should not be extended so as to include moneys which before the creation of the local pension fund were used for general purposes of the city. Adopting this construction, we conclude that the moneys in the Geneva police pension fund derived from the following sources should be certified as accumulated contributions of the members of the police force: The deductions from the salaries of present and former members of the police force. Rewards paid to the police force or to the members thereof. The proceeds of benefit entertainments given by the police force. The interest received by the city on the above items." (261 App. Div. 754, 756.) As so modified, the order of Special Term was affirmed.

Items of the local police pension fund which were thus excluded from the accumulated contributions of the members had been taken from court fees, bail forfeitures, fees for dog licenses, fines, recompense for the care of insane persons and liquor taxes. (See L. 1911, ch. 391; L. 1916, ch. 288; Geneva Local Laws, No. 4 of 1927 and No. 2 of 1935.) The case is now here on cross-appeals from the order of the Appellate Division.

In our New York statutes regulating the retirement benefits of civil employees, the word " contributions " has uniformly been used to signify sums deducted from the pay of an employee for transference to his " annuity "; the extra public commitment to the employee has been described as his " pension "; and such " annuity " plus such " pension " has been called the " retirement allowance." (Civil Service Law, § 50, subds. 11, 12, 15, 16, 17; Education Law, § 1100, subds. 10, 12, 13, 14; Administrative Code of the City of New York, § B3-1.0, subds. 13, 14, 15; L. 1937, ch. 929.) We think this definitive statutory

usage requires us here to declare that the fraction of the police pension fund of the city of Geneva which (with the interest thereon), had its source in the salaries of those who were participators on March 15, 1940, was then the whole of " the accumulated contributions of the members " within the scope and meaning of that phrase of section 76 of the Civil Service Law.

Argument invoking the fairness of a looser construction of that phrase is out of place. " The power of extending the meaning of a statute beyond its words, and deciding by the equity, and not the language, approaches so near the power of legislation, that a wise judiciary will exercise it with reluctance and only in extraordinary cases." (*Monson* v. *Inhabitants of Chester,* 22 Pick [Mass.] 385, 387. See *Fisher* v. *Long Island Lighting Co.,* 280 N. Y. 63; *Matter of Rogalin* v. *New York City Teachers' Retirement Board,* 290 N. Y. 664.) In this instance, we see no substantial reason for thinking that the customary letter of the statute does not completely express the intent of the Legislature.

The orders should be reversed, without costs, and the matter remitted to the Special Term for further disposition not inconsistent with this opinion.

RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Orders reversed, etc.