Fuld, J.
We are called upon, in this declaratory judgment action, to say whether or not section 292-b of the Tax Law, as amended last year (L. 1955, ch. 651) —under which tax assessment review proceedings more than four years old are deemed abandoned — applies to proceedings instituted in the City of New York. Plaintiff, an owner of real property in New York City, has pending four separate proceedings to review the tax assessments levied against her property by defendants, one for each year since 1951-52. The courts below, in granting defendants’ motion for judgment on the pleadings, held that the statute controls plaintiff’s proceedings and all others brought in the metropolitan area.
Section 292-b provides that, “ Unless the proceeding upon the petition and notice shall be brought to a hearing ’ ’ within four years from the date of its commencement, “ the proceeding thereon shall be deemed to have been abandoned ”. Prior to the 1955 amendment, the statute contained a clause expressly limiting its operation to proceedings in counties 1 ‘ having a population of less than one hundred thousand ”. The amendment eliminated that clause but left the remainder of the statute unchanged, except that it added a one-year saving clause for pending proceedings and a provision allowing extension of the four-year period by stipulation of the parties or court order. The following is the text of section 292-b, with the matter deleted by the 1955 amendment in brackets and the new matter in italics:
“ [In a county having a population of less than one hundred thousand,] Unless the proceeding upon the petition and notice shall be brought to a hearing before the court or a justice thereof within four years from the date of the service of the petition and notice, the proceeding thereon shall he deemed *12 to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except in proceedings where, within such four year period, the parties otherwise stipulate or a court or judge otherwise orders on good cause shown. This section, as hereby amended, shall apply to all proceedings regardless of the date the same shall have been commenced provided, however, that proceedings to which this section was not applicable prior to such amendment and which were commenced prior to the effective date of such amendment shall not be subject to this section if they shall be brought to hearing within one year .from the effective date of this section as hereby amended.”
The deletion of the first clause, which had restricted the statute ’s coverage to counties with a population of less than 100,000, had the effect of extending the reach of the provision to 15 additional counties, but not to New York City. This conclusion is compelled, we believe, by the plain language of the amended section : it refers only to ‘£ petition and notice ’ ’ proceedings, and to no other kind. While tax review proceedings everywhere else in the state are commenced by serving a petition and notice (Tax Law, § 290-b), the separate procedure prescribed for New York City requires “ the service of such petition alone ” (Tax Law, § 290-b; Administrative Code of City of New York, § 166-1.0). This differentiation in procedure is explicitly and sharply written into section 290-b, providing as it does that a real estate tax review proceeding may be commenced
‘ ‘ by serving upon the officers designated * * * a petition, as prescribed in section two hundred ninety-c, together with a notice in writing of an application for review under this article returnable not less than twenty days nor more than ninety days after service of such petition and notice, except that a proceeding to review an assessment for property in a city having a population of one million or more shall be commenced by the service of such petition alone.” (Emphasis supplied.)
In three other sections of article 13 of the Tax Law, this distinction between New York City’s “petition” procedure and the procedure of ‘ ‘ petition and notice ’ ’ applicable to the rest of the state is expressly preserved. Section 291, prescribing the *13 mode of service on the assessing body, refers to the service V of the petition or petition and notice when such notice is required by section two hundred ninety-b 5 5; section 293 recites that failure to serve “ the petition or petition and notice, when such notice is required ’ ’ shall constitute a defense; section 294 (repealed, in effect, by L. 1950, ch. 654) provided for costs “ If the petition or petition and notice shall be dismissed ”. .
All these sections of the Tax Law (§§ 290-b, 291, 293, 294 and the section before us, § 292-b) became law in 1949, when, following the recommendation of the Judicial Council and others, the cumbersome certiorari procedure in real estate tax review was replaced by the present petition to review (L. 1949, ch. 551). When this revision was first advanced by the Judicial Council, it envisaged a uniform state-wide procedure requiring only a petition, and the proposed four-year abandonment section, originally numbered section 292-a, likewise referred only to “ the petition ”. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 344.) Before its enactment, the separate procedure was adopted requiring the institution of proceedings upon petition and notice everywhere except in New York City (see Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 18); and, in accordance with the new pattern, section 292-a was also changed to refer only to “ the proceeding upon the petition and notice ”, thus having application solely outside of New York City. In this form, it was enacted — being renumbered section 292-b in 1950 (L. 1950, ch. 655, § 1).
In the light of this statutory history, the words “ petition ” and “ petition and notice ” must be regarded as words of art, words of art used by the legislature in a consistent and purposeful manner. When section 292-b was originally enacted, in 1949, the legislature’s provision was that a tax review proceeding would be deemed abandoned ‘ ‘ in a county having a population of less than one hundred thousand, unless the proceeding upon the petition and notice ” shall be brought to a hearing within four years of its institution. It was thereby made doubly plain that the statute was applicable only to tax jurisdictions other than New York City, by virtue of, first, the population limitation of less than 100,000, and, second, the restriction based on the nature of the proceeding. The later 1955 amendment removed the population restriction, but there still remained the words relating the provision to a “ proceeding upon the petition and *14 notice ”. The deliberate retention of those words clearly reflects a design to leave the statute inapplicable to New York City for, had the legislature intended otherwise, it would undoubtedly have referred to the “ petition or petition and notice ”— the formula uniformly and consistently employed in those provisions of article 13 whenever application was intended for New York City as well as the rest of the state (§§ 290-b, 291, 293, 294).
The effect of the amendment was, therefore, to extend the statute’s coverage to all those counties with a population in excess of 100,000, where the tax review proceeding is brought upon petition and notice. In other words, the modified statute became applicable to every county in the state,' except those in which the proceeding is commenced by a petition alone, a petition without notice, that is, except those within New York City.
It is no answer to suggest, as defendants do, that the legislature’s reference to the ‘1 petition and notice” was mere surplusage or that its failure to specify the other type of proceeding was inadvertent. It is a cardinal principle to be observed in construing legislation that the court should neither limit nor extend its plain language and that, whenever practicable, “ effect must be given to all the language employed ”. (Heerwagen v. Crosstown St. Ry. Co., 179 N. Y. 99, 105; Matter of New York & Brooklyn Bridge, 72 N. Y. 527, 530; see, also, 2 Sutherland on Statutory Construction [3d ed., 1943], § 4705, p. 339.) “ Our duty is to presume that each clause * * * has a purpose ” (Crayton v. Larabee, 220 N. Y. 493, 501) and the only purpose that could have been served by referring to “ the proceeding upon the petition and notice ” was to exclude the “ petition alone ” proceedings of New York City.
Since it is thus made manifest, from the plain language employed, that the legislature did not mean to extend the statute to New York City proceedings, it is not necessary to consider the statement made on the floor of the Assembly by the introducer of the bill, just before its passage, that it “ will not apply to the City of New York.” (Colloquy in Assembly on Senate Bill Pr. No. 3315, March 31, 1955; see, also, Journal of the Assembly of the State of New York, 178th Session, Yol. Ill, p. 2916.)
*15 The judgment appealed from should be reversed, with costs in all courts.
Conway, Ch. J., Desmond, Dye, Froessel, Van Voorhis and Burke, JJ., concur.
Judgment of Appellate Division and that of Special Term reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.