■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, v MARK HOMER. CITY OF SYRACUSE, Appellant, v COUNTY OF ONONDAGA, Respondent. —Order unanimously affirmed, without costs. Memorandum: The City of Syracuse appeals from an order directing it to pay for a copy of the stenographic transcript of the arraignment, trial and sentencing of Mark Homer, an indigent criminal defendant, and to furnish it to his attorney in order that he might perfect his appeal from the judgment entered against him in the City Court of Syracuse. Although this matter was improperly commenced as a motion, inasmuch as jurisdiction has properly been acquired over the parties, we treat it as a special proceeding pursuant to CPLR 103 (subd c) (see *Matter of Sylvander v Stewart,* 36 AD2d 567; 1 Weinstein-Korn-Miller, NY Civ Prac, par 103.08). Appellant contends that the County of Onondaga must bear the expense of furnishing the stenographic transcript. While we do not agree with the county's position that section 2-17b of the Revised General Ordinances of the City of Syracuse requires the city to pay for the minutes, we nevertheless conclude that the city is bound to do so pursuant to CPL 460.70 (subd 1). The ordinance provisions refer to transcripts and reports which are on file in City Court. It makes no mention of stenographic transcripts of criminal proceedings, which would not ordinarily be on file, and we find no indication that it was intended to compel the city to furnish the kind of transcript concerned here. CPL 460.70 (subd 1), however, expressly deals with the obligation to furnish stenographic minutes. It provides, in part, that the stenographer must make and file two transcripts of the stenographic minutes following the filing of a notice of appeal and that: "The expense of such transcripts is a county charge or city charge, as the case may be, payable to the stenographer out of the court fund, or out of the juror's fund or out of any other available fund, upon the certificate of the criminal court. The appellate court may where such is necessary for the perfection of the appeal, order that the criminal court furnish one of such transcripts to defendant or his counsel." Here the appellate court has directed the criminal court to furnish a transcript to defendant's attorney and no appeal is taken from that portion of the County Court's order. The city claims that the burden of payment must fall upon the county since the word "city" within section 460.70 should be construed as referring solely and exclusively to the City of New York. The phrase "or city charge, as the case may be" contained in CPL 460.70 is derived from former section 456 of the Code of Criminal Procedure, which was amended in 1962 to include those words (L 1962, ch 889). Neither former section 456 of the Code of Criminal Procedure nor CPL 460.70

expressly limits the meaning of the word "city" to New York City. Additionally, no legislative history is found which directly addresses the issue now presented (but cf. NY Legis Ann, 1962, Memorandum of the Judicial Conference, pp 6–7). Moreover, CPL 1.20 (subd 36) provides that the word "County" ordinarily means any county outside of New York City or New York City in its entirety. Application of this definition to CPL 460.70 would, under appellant's interpretation, impermissibly render the word "city" meaningless (see *Cahen v Boyland,* 1 NY2d 8, 14). Nor do we accept appellant's contention that article 18-B of the County Law requires the county to pay for the transcript. While it clearly imposes upon counties ("or in the case of a county wholly located within a city", upon that city [County Law, § 722-e]) the financial burden for the defense of indigent defendants and the expense for services other than counsel, it does not, unlike CPL 460.70, specifically deal with the cost of providing stenographic transcripts. (Appeal from order of Onondaga County Court—expense of transcript.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.