■ ROBERT DRELICH et al., Respondents, v KENLYN HOMES, INC., Appellant. — Appeal by defendant from an order of the Supreme Court, Suffolk County (De Luca, J.), dated April 27, 1981, which denied its motion to strike the action

from the Jury Calendar and to place same on the Nonjury Calendar. Order reversed, with $50 costs and disbursements, and defendant's motion to transfer the within action to a nonjury part of the Supreme Court, Suffolk County, is granted. On July 19, 1979, the parties entered into a written contract for the sale and construction of a one-family dwelling. The contract contained the following language in paragraph 24: "The parties hereto do hereby agree that trial by jury in any action, proceeding or counterclaim arising of or from this agreement is hereby waived." Pursuant to the agreement, defendant proceeded to erect a one-family dwelling on the subject premises and, on November 21, 1979, conveyed the premises to plaintiffs. This action was subsequently commenced by the plaintiffs against the defendant, alleging that the one-family dwelling was erected with defective materials and in an unworkman-like manner. After the matter was placed upon the Jury Calendar, defendant made the instant motion to remove same to the Nonjury Trial Calendar in accordance with the provisions of paragraph 24 of the contract. In opposition to the motion, plaintiffs alleged that the transaction for the purchase and sale of real property was a consumer transaction as defined in CPLR 4544 and alleged that: "the size of the type which attempts to deny the plaintiffs their right to a trial by jury does not comply with the letter nor the spirit of the Civil Practice Law and Rules Section 4544." After concluding that the contract was a consumer transaction within the meaning of CPLR 4544, Trial Term denied the motion to transfer; no finding, however, was made with respect to the print size of the paragraph in question. Pursuant to the provisions of CPLR 4544, a " 'consumer transaction' " is one "wherein the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes". If, in fact, the subject written contract was part of a consumer transaction as so defined and the print size failed to comply with the minimum requirements set forth in the statute, then the contract may not be received in evidence upon behalf of defendant. At the outset, we note that there is a constitutional obligation that courts determine the expressed will of the Legislature, and such legislative intent must be first sought in the language of the statute under consideration (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471; *Matter of Albano v Kirby,* 36 NY2d 526). Where the terms of the statute are plain and unambiguous, the statute must be construed in accordance with its expressed terms (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., supra; Marcus Assoc. v Town of Huntington,* 45 NY2d 501), and should be construed so as to effectuate the plain meaning of the words used (*Patrolmen's Benevolent Assn. of City of N. Y. v City of New York,* 41 NY2d 205; see, also, *Zaldin v Concord Hotel,* 48 NY2d 107). In construing a given statutory enactment, a court should not by construction extend such statute beyond its express terms or the reasonable implications of its language (*Cahen v Boyland,* 1 NY2d 8; *Matter of McNerney v City of Geneva,* 290 NY 505; *Glasser v Price,* 35 AD2d 98; McKinney's Cons Laws of NY, Book 1, Statutes, § 74). The express terms of the statute in question establish that it is applicable first to consumer transactions for goods, property and services, and second, to leases for residential property. The statute reflects the legislative intent to regulate transactions for such property and services which are primarily personal in nature in order to protect the unwary consumer from the sharp practices of various dubious business enterprises which deal in such services and goods which are attractive to consumers. In addition to these personal transactions, the statute is also made applicable to leases for residential property, which, as chattels real, constitute personal property. To extend the statute so as to make it applicable to a contract for the construction and sale of a one-family dwelling would

require a strained reading of the express language of the statute and would require that such meaning be determined by implication. This we decline to do, and we determine that such a contract is not within the scope of a consumer transaction since it is not included in the express terms of the statute in question. Defendant further contends that the contract, executed on July 19, 1979, was subject to the terms of CPLR 4544 (added by L 1975, ch 370, § 1) as it existed prior to its being amended (L 1979, ch 474, § 1, eff Sept. 1, 1979) and that such statute prior to amendment was unconstitutionally ambiguous and vague. That issue, which pertains to the statute's conjunctive requirements of eligibility and small print, was not determined at Trial Term. Since we have determined that CPLR 4544 does not apply to the within transaction, we need not reach this issue. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.