OPINION OF THE COURT
Helen E. Freedman, J.
In this CPLR article 78 proceeding, petitioner, a former police officer, challenges the determination of the Police Commissioner of the City of New York to dismiss her without a hearing. The dismissal was based solely on petitioner’s misdemeanor conviction for assault. Instead of answering the petition, respondents cross-move under CPLR 7804 (f) to dismiss the petition on the ground that it fails to state a cause of action.
Petitioner was appointed as a police officer in 1984, and had never previously been disciplined. The underlying charge against petitioner involved an off-duty altercation on November 27, 1994, in which petitioner’s handgun was discharged, causing injury to her husband, Ted Brapham. On the same day, petitioner was issued a desk appearance ticket charging her with assault in the third degree (reckless assault), a misdemeanor. On or about April 3, 1995, the New York City Transit Authority (petitioner was with the Transit Authority police until its merger with the City Police Department) served petitioner with a notice and statement of charges, which included the following specifications:
"specification #1: On or about November 27, 1994, while off duty, you inappropriately discharged approximately three rounds of ammunition from your firearm and caused injury to Ted Brapham.
"specification #2: On or about November 27, 1994, while off duty, you assaulted Ted Brapham.”
The accompanying letter stated that a formal hearing would be scheduled to consider the charges against her if the matter could not be resolved at an informal conference (which apparently never took place).
In November 1995, following a bench trial, the District Court of Nassau County found petitioner guilty of third degree assault and sentenced her to conditional discharge with no probation, a $250 fine and $100 restitution. Subsequently, respondent issued a final order of dismissal terminating petitioner’s employment, pursuant to section 14-115 (a) of the Administrative Code of the City of New York. The only ground stated for the order was the Nassau County conviction. The Police Department never held a hearing on the charges against petitioner.
*769 The issue here is whether the Administrative Code provisions under which petitioner was discharged require a departmental hearing. Administrative Code § 14-115 (a) provides in relevant part: "The commissioner shall have power, in his or her discretion, on conviction by the commissioner, or by any court or officer of competent jurisdiction, of a member of the force of any criminal offense, or neglect of duty, violation of rules, or neglect or disobedience of orders, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct or conduct unbecoming an officer, or any breach of discipline, to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dismissal from the force”.
Petitioner contends, however, that a Police Department hearing is required before the Commissioner may exercise this power, citing Administrative Code § 14-115 (b): "Members of the force, except as elsewhere provided herein, shall be fined, reprimanded, removed, suspended or dismissed from the force only on written charges made or preferred against them, after such charges have been examined, heard and investigated by the commissioner or one of his or her deputies upon such reasonable notice to the member or members charged”.
Put briefly, section 14-115 (a) provides that the Commissioner has discretion to punish an officer for, among other things, conviction of a crime, while section 14-115 (b) provides that, prior to imposing any punishment, the Commissioner must first hold a hearing. Section 14-115 (b) is qualified by the phrase "except as elsewhere provided herein”. However, if that exception were construed to refer to the discretion afforded the Commissioner in section 14-115 (a), as respondents urge, then section 14-115 (b) would be rendered superfluous: the Commissioner could then punish officers under any circumstances without affording them a hearing. To construe the exception clause in section 14-115 (b) to refer to the provisions of section 14-115 (a) would therefore violate the rule of statutory interpretation that statutes should be interpreted to give effect to every provision thereof. (See, Levine v Bornstein, 4 NY2d 241 [1958]; Cahen v Boyland, 1 NY2d 8 [1956]; Matter of Smathers, 309 NY 487 [1956]; Matter of Social Investigator Eligibles Assn. v Taylor, 268 NY 233 [1935].)
The court recently considered the interaction of section 14-115 (a) and section 14-115 (b) in Blindbury v Bratton (NYLJ, Jan. 12, 1996, at 27, col 2, Sklar, J.). The court in Blindbury *770 found that a hearing was required under circumstances similar to those here. In that case, the petitioner police officer had pleaded guilty in New York Supreme Court to a misdemeanor charge of reckless endangerment involving off-duty conduct. The court primarily addressed the police department’s contention that Blindbury had been dismissed pursuant to Public Officers Law § 30 (1) (e), and held that a hearing was necessary under that statute. The court noted, however, that the dismissal was actually premised on Administrative Code § 14-115 (a), and that "[section] 14-115(b) requires that such dismissal or other disciplinary action be taken upon written charges and an opportunity to be heard” (at 27, col 4). In response to a motion to reargue, in which the police department conceded that the dismissal was made pursuant to Administrative Code § 14-115 (a), the court reiterated that punishment under section 14-115 (a) also requires a hearing:
"Respondents note that Administrative Code [§] 14-115(b) provides that officers are entitled to a hearing prior to removal 'except as otherwise provided herein.’ Without pointing to any other provision respondents blandly assert that the exception applies because petitioner pled guilty. They err. The word 'herein’ refers to § 14-115. Subdivision (d) does provide for the possibility of discipline upon a plea of guilty when the 'commissioner or the deputy * * * in his or her discretion, may suspend judgment and place the member of the force so found guilty upon probation, for a period not exceeding one year; and the commissioner may impose punishment at any time during such period.’ ([E]mphasis supplied.)
"Subdivision (b) of § 14-115 relates to minor deductions and withholding from salary and is clearly inapplicable here.
"Accordingly, this court sees no reason to vary from one of the conclusions in the [prior] decision, namely that § 14-115(b) requires that dismissal action be taken upon written charges and an opportunity to be heard.” (Blindbury v Bratton, Sup Ct, NY County, July 19, 1996, index No. 116937/95.)
Whether the qualification "except as elsewhere provided herein” is construed to refer to section 14-115 (d), as the Blind-bury court found, or to some other provision of Administrative Code title 14,* it is clear that, under section 14-115 (b), a police officer who has been convicted of a crime must be afforded a *771 departmental hearing before termination by the police department. Among other things, a record must be made demonstrating that the punishment imposed is not arbitrary or capricious or otherwise violative of the Commissioner’s administrative authority.
In opposition, respondents cite another recent decision, Foley v Bratton (Sup Ct, NY County, Dec. 10, 1996, Lobis, J., index No. 124507/95), in which the court found that the Commissioner was "entitled to dismiss petitioner pursuant to NYC Administrative Code § 14-115 without an administrative hearing following his conviction after a bench trial on criminal charges.” In Foley, the petitioner police officer was also convicted of misdemeanors. This court finds Foley unpersuasive and declines to follow it. The court in Foley makes no reference to Administrative Code § 14-115 (b) and makes no attempt to reconcile its provisions with those of section 14-115 (a).
To hold that respondents could automatically terminate petitioner upon her conviction would also circumvent principles established by the Court of Appeals in connection with Public Officers Law § 30 (1) (e). That statute provides that a public office, including a police office, is automatically vacated upon an officer’s conviction of a felony or "a crime involving a violation of [the] oath of office”. The Court of Appeals has ruled that not every criminal conviction will necessarily support a finding of such a violation. (Matter of Duffy v Ward, 81 NY2d 127 [1993] [requiring the Police Commissioner to hold a hearing prior to dismissing police officer convicted of off-duty misdemeanor trespass].) In the context of Public Officers Law § 30 (1) (e), the Court stated: "To construe the law as giving the Commissioner unbridled discretion to make a fact-based determination about dismissal but foreclosing the opportunity to develop the facts, would risk the potential for arbitrary government action. To be sure a public officer has the opportunity to make a factual record in the criminal proceeding, but because of defense strategy, plea bargaining, or other reason unrelated to fitness for office, may not do so. The employee should not be placed in the position of choosing between a criminal defense strategy and the need to preserve public office.” (81 NY2d, at 133.)
The same risk for arbitrary action would exist if this court were to adopt the construction of the Administrative Code urged by respondent. Under the Administrative Code, according to respondent’s view, the Commissioner would not even be required to make a fact-based determination such as whether a *772 crime constituted a violation of oath of office, but could summarily dismiss an officer merely upon proof of a criminal conviction of any kind. Because such authority is not granted in the Administrative Code and would conflict with policies established by the Court of Appeals in Duffy (supra), respondent’s cross motion to dismiss the petition is denied.
Accordingly, it is ordered that respondents’ cross motion to dismiss the petition is denied.

 For example, Administrative Code § 14-123 provides an exception to the requirement of a departmental hearing when the Commissioner suspends an officer pending a trial.