■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERIBERTO SEDA, Respondent. [668 NYS2d 233] —Appeal by the People from so much of an order of the Supreme County, Kings County (Tomei, J.), dated November 14, 1996, as granted that branch of the defendant's omnibus motion which was to dismiss counts 1 through 10 of the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss counts 1 through 10 of the indictment is denied, and counts 1 through 10 of the indictment are reinstated.

Contrary to the defendant's contentions, the statutory toll set forth in CPL 30.10 (4) is applicable under the circumstances presented. The toll applies, *inter alia,* to "[a]ny period following the commission of the offense during which (i) the defendant was continuously outside this state or (ii) the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" (CPL 30.10 [4] [a] [ii]). Here, the record demonstrates that the defendant's whereabouts were continuously unknown and continuously unascertainable by the exercise of due diligence.

Moreover, we disagree with the court's holding that the term "whereabouts" in CPL 30.10 (4) (a) (ii) must be construed to mean that the toll will be available only where the People are

aware of the defendant's identity. The statutory language does not condition the applicability of the toll upon the People's knowledge of the defendant's identity, and we decline to read such an unstated, additional requirement into the law (*see, Cahen v Boyland*, 1 NY2d 8). Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.